**VENABLE LLP**
Witt W. Chang (SBN 281721)
WWChang@Venable.com
Alexander W. Koff (*pro hac vice forthcoming*)
AKoff@Venable.com
Ashleigh J.F. Lynn (*pro hac vice forthcoming*)
ALynn@Venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Plaintiff*
POMPEIAN, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC., a Maryland Corporation,<br><br>Plaintiff<br><br>vs.<br><br>THE MILL AT KINGS RIVER, LLC, a California Limited Liability Company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF CONTRACT IMPLIED IN FACT**<br>3. **QUASI-CONTRACT**<br>4. **CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Pompeian, Inc. ("Plaintiff" or "Pompeian") hereby submits this Complaint against Defendant The Mill at Kings River, LLC ("Defendant" or "Kings River") and alleges as follows:

## NATURE OF THE CASE

1. This is a breach of contract action in which Defendant agreed to deliver to Plaintiff 165.86 metric tons of olive oil for $1,992,000. Defendant accepted a prepayment of $1,000,000, with the remainder due on delivery and acceptance of the goods, but Defendant never delivered the olive oil. Plaintiff seeks relief accordingly as prayed for below.

## THE PARTIES

2. Plaintiff Pompeian is a Maryland corporation with its principal place of business in Maryland. Pompeian is in the business of producing olive oil.

3. Upon information and belief, Defendant Kings River is a limited liability company whose members, John Mesrobian and Rolland Rosenthal, are citizens of California. Kings River is in the business of olive oil processing and production.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and members of the defendant LLC are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court may exercise jurisdiction over Defendant because Defendant is a citizen of California and committed the acts and/or omissions alleged herein in Sanger, California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because, upon information and belief, members of the defendant LLC reside in this

District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

7. In or around November 2022, Pompeian and Kings River entered into an agreement ("Agreement") whereby Kings River would deliver to Pompeian 165.86 metric tons of California Extra Virgin Olive Oil (the "Product") for $1,992,000. Pursuant to the Agreement, Kings River would also provide pre-shipment samples of the Product for testing and approval.

8. On or about November 18, 2022, Kings River sent Pompeian an invoice for $1,992,000, reflecting the Agreement.

9. In early December 2022, Pompeian prepared a purchase agreement for $1,992,000, reflecting the Agreement.

10. In early December 2022, Kings River received a prepayment of $1,000,000 for the Product. Subsequently, Pompeian and Kings River representatives corresponded about the Agreement. For example, Kings River asked Pompeian to confirm the delivery address for the pre-shipment Product samples, and Pompeian advised that the samples should be delivered to Pompeian.

11. In December 2022, and in furtherance of the Agreement, Kings River provided pre-shipment samples for testing and approval. However, the samples failed inspection. Pompeian timely notified Kings River that the pre-shipment samples did not comply with the Agreement.

12. Kings River's failure to provide compliant samples was a breach of the Agreement.

13. Despite numerous opportunities to do so, Kings River has not provided compliant samples and thus has not cured its breach.

14. Nonetheless, throughout the fall and winter of 2023, Pompeian continued to attempt to negotiate a resolution with Kings River, proposing numerous remedies in order to mitigate damages resulting from Kings River's breach. Despite

continued negotiations and Pompeian's efforts, Kings River has failed to cure its breach.

15. Kings River has not confirmed when, or if, it will do so.

16. Absent a cure, Pompeian has asked Kings River to return the $1,000,000 prepayment.

17. As of the date of this Complaint, Kings River continues to retain the $1,000,000 prepayment.

18. In addition to the wrongful retention of the prepayment, Kings River's breach has damaged Pompeian's business because, among other things, the failure to deliver the Product as agreed has resulted in downtime on Pompeian's production lines.

## FIRST CAUSE OF ACTION

### (Breach Of Contract)

19. Pompeian realleges the preceding paragraphs and incorporates them by reference.

20. The Agreement is a valid and enforceable contract between Pompeian and Kings River.

21. Pursuant to the Agreement, Kings River had an obligation to deliver the Product, as well as pre-shipment samples, to Pompeian.

22. Kings River accepted prepayment of $1,000,000 for the Product.

23. Kings River provided non-compliant pre-shipment samples but failed to provide compliant samples. Kings River also failed to deliver any Product. These failures constitute breaches of the Agreement.

24. Pompeian has fulfilled its obligations under the Agreement.

25. As a direct and proximate cause of King's River's breaches, Pompeian has been substantially harmed and is entitled to relief.

WHEREFORE, Plaintiff prays for the relief stated below.

## SECOND CAUSE OF ACTION

### (Breach of Contract Implied in Fact)

26. Pompeian realleges the preceding paragraphs and incorporates them by reference.

27. The parties entered into a valid and enforceable contract (*i.e.*, the Agreement). In the alternative, if this Court finds that no such contract exists, an implied contract exists as demonstrated from the parties' conduct.

28. In connection with an arrangement for Kings River to deliver olive oil to Pompeian, Kings River prepared an invoice, for $1,992,000, reflecting the same. Pompeian likewise prepared a purchase agreement, for $1,992,000, reflecting the same.

29. Subsequently, representatives of the parties corresponded about the arrangement for Kings River to supply olive oil in exchange for $1,992,000.

30. Neither party questioned the existence of this arrangement.

31. To the contrary, the parties acted in furtherance of the arrangement. Among other things, Kings River accepted a $1,000,000 prepayment for the Product, and Kings River delivered pre-shipment Product samples to Pompeian. Pompeian timely notified Kings River that the pre-shipment samples did not comply with the Agreement.

32. A contract can therefore be implied from the conduct of the parties.

33. Kings River failed to provide compliant samples and failed to deliver any Product. These failures constitute breaches of the contract implied in fact.

34. Pompeian has fulfilled its obligations under the contract implied in fact.

35. As a direct and proximate cause of King's River's breaches, Pompeian has been substantially harmed and is entitled to relief.

WHEREFORE, Plaintiff prays for the relief stated below.

## THIRD CAUSE OF ACTION

### (Quasi-Contract)

36. Pompeian realleges the preceding paragraphs and incorporates them by reference.

37. The parties entered into a valid and enforceable contract (*i.e.*, the Agreement). In the alternative, if this Court finds that no such contract exists, Kings River has been unjustly enriched by accepting and benefitting from the retention of the $1,000,000 prepayment while refusing and/or failing to deliver the Product.

38. Kings River knowingly accepted a $1,000,000 prepayment for the Product and has received the benefit of retaining these funds.

39. The prepayment was made under such circumstances that Kings River knew that Pompeian expected to receive conforming Product.

40. Kings River did not deliver the Product but retains the $1,000,000 prepayment despite Pompeian's request for the return of these funds.

41. Principles of equity dictate that this Court provide Pompeian with a remedy.

WHEREFORE, Plaintiff prays for the relief stated below.

## FOURTH CAUSE OF ACTION

### (Conversion)

42. Pompeian realleges the preceding paragraphs and incorporates them by reference.

43. The parties entered into a valid and enforceable contract (*i.e.*, the Agreement). In the alternative, if this Court finds that no such contract exists, Kings River has wrongfully converted the $1,000,000 prepayment, having retained the prepayment while refusing and/or failing to deliver the Product.

44. The $1,000,000 prepayment is a specific and identifiable sum of money.

45. As Kings River has refused and/or failed to deliver the Product, Pompeian has a possessory right to the $1,000,000 prepayment.

46. Kings River accepted and retains the $1,000,000 prepayment despite Pompeian's request for the return of these funds and despite refusing and/or failing to deliver the Product.

47. Kings River has substantially harmed Pompeian by retaining the prepayment while refusing and/or failing to provide the Product for which the prepayment was made.

WHEREFORE, Plaintiff prays for the relief stated below.

## PRAYER FOR RELIEF

WHEREFORE, Pompeian seeks judgment in its favor and against Defendant Kings River as follows:

A. For an award of damages to Pompeian in a sum in excess of the jurisdictional limit, to be determined according to proof at trial, together with interest thereon at the maximum statutory rate, fees and costs incurred herein, including attorneys' fees incurred in and to prosecute this action, and such other and further relief as the Court may deem just and proper.

B. For an award of damages to Pompeian for all actual, general, consequential, and incidental losses in an amount to be determined according to proof at trial, together with interest thereon at the maximum statutory rate, fees and costs incurred herein, including attorneys' fees incurred in and to prosecute this action, and such other and further relief as the Court may deem just and proper.

C. For such relief that the Court deems just and proper.

[*signature appears on following page*]

| | |
|---|---|
| Dated: July 1, 2024 | VENABLE LLP |
| | By: /s/ Witt W. Chang |
| | Witt W. Chang |
| | Alexander W. Koff (*p.h.v. forthcoming*) |
| | Ashleigh J.F. Lynn (*p.h.v. forthcoming*) |
| | *Attorneys for Plaintiff* Pompeian, Inc. |

## JURY DEMAND

Pompeian respectfully requests a trial by jury on all causes of action.

| | |
|---|---|
| Dated: July 1, 2024 | VENABLE LLP |
| | By: /s/ Witt W. Chang |
| | Witt W. Chang |
| | Alexander W. Koff (*p.h.v. forthcoming*) |
| | Ashleigh J.F. Lynn (*p.h.v. forthcoming*) |
| | *Attorneys for Plaintiff* Pompeian, Inc. |