**VENABLE LLP**
Witt W. Chang (SBN 281721)
WWChang@Venable.com
Alexander W. Koff (*pro hac vice forthcoming*)
AKoff@Venable.com
Ashleigh J.F. Lynn (*pro hac vice forthcoming*)
ALynn@Venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Plaintiff*
POMPEIAN, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE MILL AT KINGS RIVER, LLC, a California Limited Liability Company; and JOHN M. MESROBIAN, an individual,<br><br>Defendants,<br><br>and related counterclaim action and action against third-parties. | Case No.: 1:24-CV-00766-JLT-EPG<br><br>**AMENDED COMPLAINT AGAINST DEFENDANTS THE MILL AT KINGS RIVER, LLC AND JOHN MESROBIAN FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF CONTRACT IMPLIED IN FACT**<br>3. **QUASI-CONTRACT**<br>4. **CONVERSION**<br>5. **FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff Pompeian, Inc. ("Plaintiff" or "Pompeian") submits this Amended Complaint against Defendants The Mill at Kings River, LLC ("Kings River") and John M. Mesrobian (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE CASE

1. This is an action in which Kings River, at the direction and authorization of its member John Mesrobian, agreed to deliver to Plaintiff 165.86 metric tons of olive oil for $1,992,000. Kings River accepted a prepayment of $1,000,000, with the remainder due on delivery and acceptance of the goods, but Kings River, at John Mesrobian's behest, never delivered the olive oil. In fact, John Mesrobian did not intend to deliver the olive oil at all; rather, he intended to use Pompeian's money for an unrelated "advance" for olive growers and concealed his true intentions from Pompeian. Pompeian remains without the agreed-upon olive oil or the return of its $1,000,000 prepayment. Plaintiff seeks relief accordingly as prayed for below.

## THE PARTIES

2. Plaintiff Pompeian is a Maryland corporation with its principal place of business in Maryland. Pompeian is in the business of producing olive oil.

3. Upon information and belief, Defendant Kings River is a limited liability company whose members, John Mesrobian and Rolland Rosenthal, are citizens of California. Kings River is in the business of olive oil processing and production.

4. Upon information and belief, Defendant John Mesrobian is a member of Kings River and is a citizen of California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and members of the defendant LLC, including John Mesrobian, are citizens of different states, and the amount in controversy exceeds

$75,000, exclusive of interest and costs.

6. This Court may exercise jurisdiction over Defendants because Defendants are citizens of California and committed the acts and/or omissions alleged herein in Sanger, California.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because, upon information and belief, members of the defendant LLC, including John Mesrobian, reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

8. In or around November 2022, Pompeian and Kings River entered into an agreement ("Agreement") whereby Kings River would deliver to Pompeian 165.86 metric tons of California Extra Virgin Olive Oil (the "Product") for $1,992,000. Pursuant to the Agreement, Kings River would also provide pre-shipment samples of the Product for testing and approval.

9. On or about November 18, 2022, Kings River, at the direction of its member John Mesrobian, sent Pompeian an invoice for $1,992,000, reflecting the Agreement.

10. In early December 2022, Pompeian prepared a purchase agreement for $1,992,000, reflecting the Agreement.

11. In early December 2022, Kings River received a prepayment of $1,000,000 for the Product. Subsequently, Pompeian and Kings River representatives corresponded about the Agreement. For example, Kings River asked Pompeian to confirm the delivery address for the pre-shipment Product samples, and Pompeian advised that the samples should be delivered to Pompeian.

12. In December 2022, and in furtherance of the Agreement, Kings River provided pre-shipment samples for testing and approval. However, the samples failed inspection. Pompeian timely notified Kings River that the pre-shipment

samples did not comply with the Agreement.

13. Kings River's failure to provide compliant samples was a breach of the Agreement. John Mesrobian directed Kings River to not provide the compliant samples.

14. Despite numerous opportunities to do so, Kings River has not provided compliant samples and thus has not cured its breach.

15. Nonetheless, throughout the fall and winter of 2023, Pompeian continued to attempt to negotiate a resolution with Kings River, proposing numerous remedies in order to mitigate damages resulting from Kings River's breach. Despite continued negotiations and Pompeian's efforts, Kings River has failed to cure its breach.

16. Kings River has not confirmed when, or if, it will do so.

17. Absent a cure, Pompeian has asked Kings River to return the $1,000,000 prepayment.

18. As of the date of this Amended Complaint, Kings River continues to retain the $1,000,000 prepayment. John Mesrobian authorized and directed Kings River to retain the prepayment.

19. As it turns out, John Mesrobian never intended to return the $1,000,000 prepayment or provide the Product to Pompeian. Instead, John Mesrobian intended, as Kings River pleads in its "Cross-Claims" (ECF No. 8), that the $1,000,000 prepayment (and $1,992,000 total invoiced) would be used for an "advance" to olive growers in connection with some "joint venture/partnership" to which Plaintiff was not a party and of which Plaintiff was not aware.

20. John Mesrobian concealed his true intentions to manipulate Pompeian into providing the $1,000,000 prepayment.

21. In addition to the wrongful and fraudulent retention of the prepayment, Kings River's breach has damaged Pompeian's business because, among other things, the failure to deliver the Product as agreed has resulted in downtime on

AMENDED COMPLAINT

Pompeian's production lines.

## FIRST CAUSE OF ACTION

### (Breach Of Contract)

### (Against Both Defendants)

22. Pompeian realleges the preceding paragraphs and incorporates them by reference.

23. The Agreement is a valid and enforceable contract between Pompeian and Kings River.

24. Pursuant to the Agreement, Kings River had an obligation to deliver the Product, as well as pre-shipment samples, to Pompeian.

25. Kings River accepted prepayment of $1,000,000 for the Product.

26. Kings River provided non-compliant pre-shipment samples but failed to provide compliant samples. Kings River also failed to deliver any Product. These failures, each authorized by John Mesrobian, constitute breaches of the Agreement.

27. Pompeian has fulfilled its obligations under the Agreement.

28. As a direct and proximate cause of King's River's breaches, Pompeian has been substantially harmed and is entitled to relief.

29. John Mesrobian is liable for the acts of Kings River because he used Kings River as his alter ego when he/Kings River entered into and breached the Agreement.

30. When Kings River entered into and breached the Agreement, John Mesrobian and Kings River were not distinct personalities. At those times, among other things and upon information and belief, Kings River was inadequately capitalized (and remains so), and John Mesrobian has since failed to maintain adequate corporate records for Kings River.

31. It would be unjust to treat John Mesrobian's authorization of Kings River's breaches as the breaches of Kings River only.

AMENDED COMPLAINT

WHEREFORE, Plaintiff prays for the relief stated below.

## SECOND CAUSE OF ACTION

### (Breach of Contract Implied in Fact)

### (Against Both Defendants)

32. Pompeian realleges the preceding paragraphs and incorporates them by reference.

33. The parties entered into a valid and enforceable contract (*i.e.*, the Agreement). In the alternative, if this Court finds that no such contract exists, an implied contract exists as demonstrated from the parties' conduct.

34. In connection with an arrangement for Kings River to deliver olive oil to Pompeian, Kings River prepared an invoice, for $1,992,000, reflecting the same. Pompeian likewise prepared a purchase agreement, for $1,992,000, reflecting the same.

35. Subsequently, representatives of the parties, including John Mesrobian, corresponded about the arrangement for Kings River to supply olive oil in exchange for $1,992,000.

36. No party, including John Mesrobian, questioned the existence of this arrangement.

37. To the contrary, the parties acted in furtherance of the arrangement. Among other things, Kings River accepted a $1,000,000 prepayment for the Product, and Kings River, at John Mesrobian's direction, delivered pre-shipment Product samples to Pompeian. Pompeian timely notified Kings River that the pre-shipment samples did not comply with the Agreement.

38. A contract can therefore be implied from the conduct of the parties.

39. Kings River failed to provide compliant samples and failed to deliver any Product. These failures constitute breaches of the contract implied in fact.

40. Pompeian has fulfilled its obligations under the contract implied in fact.

41. As a direct and proximate cause of King's River's breaches, Pompeian

AMENDED COMPLAINT

has been substantially harmed and is entitled to relief.

42. John Mesrobian is liable for the acts of Kings River because he used Kings River as his alter ego when he/Kings River entered into and breached the Agreement.

43. When Kings River entered into and breached the Agreement, John Mesrobian and Kings River were not distinct personalities. At those times, among other things and upon information and belief, Kings River was inadequately capitalized (and remains so), and John Mesrobian has since failed to maintain adequate corporate records for Kings River.

44. It would be unjust to treat John Mesrobian's authorization of Kings River's breaches as the breaches of Kings River only.

WHEREFORE, Plaintiff prays for the relief stated below.

### THIRD CAUSE OF ACTION

**(Quasi-Contract)**

**(Against Both Defendants)**

45. Pompeian realleges the preceding paragraphs and incorporates them by reference.

46. The parties entered into a valid and enforceable contract (*i.e.*, the Agreement). In the alternative, if this Court finds that no such contract exists, Kings River has been unjustly enriched by accepting and benefitting from the retention of the $1,000,000 prepayment while refusing and/or failing to deliver the Product.

47. Kings River knowingly accepted a $1,000,000 prepayment for the Product and has received the benefit of retaining these funds.

48. The prepayment was made under such circumstances that Kings River knew that Pompeian expected to receive conforming Product.

49. At John Mesrobian's direction, Kings River did not deliver the Product but retains the $1,000,000 prepayment despite Pompeian's request for the return of these funds.

50. Principles of equity dictate that this Court provide Pompeian with a remedy.

51. John Mesrobian is liable for the acts of Kings River because he used Kings River as his alter ego when he/Kings River took the above actions.

52. When Kings River took the above actions, John Mesrobian and Kings River were not distinct personalities. At those times, among other things and upon information and belief, Kings River was inadequately capitalized (and remains so), and John Mesrobian has since failed to maintain adequate corporate records for Kings River.

53. It would be unjust to treat John Mesrobian's wrongful actions as the actions of Kings River only.

WHEREFORE, Plaintiff prays for the relief stated below.

## FOURTH CAUSE OF ACTION

**(Conversion)**

**(Against Both Defendants)**

54. Pompeian realleges the preceding paragraphs and incorporates them by reference.

55. The parties entered into a valid and enforceable contract (*i.e.*, the Agreement). In the alternative, if this Court finds that no such contract exists, Kings River, with the authorization and at the direction of John Mesrobian, has wrongfully converted the $1,000,000 prepayment, having retained the prepayment while refusing and/or failing to deliver the Product.

56. The $1,000,000 prepayment is a specific and identifiable sum of money.

57. As Kings River has refused and/or failed to deliver the Product, Pompeian has a possessory right to the $1,000,000 prepayment.

58. At the authorization and direction of John Mesrobian, Kings River accepted and retains the $1,000,000 prepayment despite Pompeian's request for the

AMENDED COMPLAINT

return of these funds and despite refusing and/or failing to deliver the Product.

59.   Kings River and John Mesrobian have substantially harmed Pompeian by retaining the prepayment while refusing and/or failing to provide the Product for which the prepayment was made.

60.   In addition to John Mesrobian's personal liability for conversion stated above, John Mesrobian is liable for the acts of Kings River because he used Kings River as his alter ego when he/Kings River converted the $1,000,000 prepayment.

61.   When Kings River converted the $1,000,000 prepayment, John Mesrobian and Kings River were not distinct personalities.  At those times, among other things and upon information and belief, Kings River was inadequately capitalized (and remains so), and John Mesrobian has since failed to maintain adequate corporate records for Kings River.

62.   It would be unjust to treat John Mesrobian's wrongful actions as the actions of Kings River only.

WHEREFORE, Plaintiff prays for the relief stated below.

## FIFTH CAUSE OF ACTION

### (Fraud)

### (Against Both Defendants)

63.   Pompeian realleges the preceding paragraphs and incorporates them by reference.

64.   The parties entered into a valid and enforceable contract (*i.e.*, the Agreement).  In the alternative, if this Court finds that no such contract exists, Kings River, with the authorization and at the direction of John Mesrobian, defrauded Pompeian by invoicing Pompeian for the Product and inducing Pompeian to send a $1,000,000 prepayment for the Product despite never intending to deliver the Product.

65.   John Mesrobian directed and authorized Kings River to send Pompeian an invoice for $1,992,000, reflecting the Agreement.  John Mesrobian intended that

the invoice was, as pled in Kings River's "cross-claim," meant to serve as "the basis for an "advance" for olive growers in connection with an alleged "joint venture/partnership." Pompeian was never a party to, and was not aware of, such a joint venture or partnership. Kings River, at John Mesrobian's direction and authorization, concealed the true purpose of the invoice and its intention that it would not deliver the Product to Pompeian.

66. John Mesrobian knew that Kings River would use the $1,992,000 for a grower advance and not for the delivery of the Product to Pompeian. Nevertheless, John Mesrobian intended that Pompeian would pay to Kings River $1,992,000 as invoiced, with a prepayment of $1,000,000.

67. Expecting to receive the Product as agreed and invoiced, Pompeian paid the $1,000,000 prepayment. Pompeian's reliance was justified, as Pompeian had no reason to suspect that John Mesrobian had no intention that Kings River would deliver the Product.

68. Kings River, at the direction and authorization of John Mesrobian, has not returned the $1,000,000 prepayment despite Pompeian's requests for the same. Pompeian has been damaged as a result.

69. In addition to John Mesrobian's personal liability for fraud stated above, John Mesrobian is liable for the acts of Kings River because he used Kings River as his alter ego when he/Kings River defrauded Pompeian.

70. When Kings River defrauded Pompeian, John Mesrobian and Kings River were not distinct personalities. John Mesrobian and Kings River were not distinct personalities. At those times, among other things and upon information and belief, Kings River was inadequately capitalized (and remains so), and John Mesrobian has since failed to maintain adequate corporate records for Kings River.

71. It would be unjust to treat John Mesrobian's wrongful actions as the actions of Kings River only.

WHEREFORE, Plaintiff prays for the relief stated below.

## PRAYER FOR RELIEF

WHEREFORE, Pompeian seeks judgment in its favor and against Defendants Kings River and John Mesrobian as follows:

A.  For an award of damages to Pompeian in a sum in excess of the jurisdictional limit, to be determined according to proof at trial, together with interest thereon at the maximum statutory rate (including prejudgment interest), fees and costs incurred herein, including attorneys' fees incurred in and to prosecute this action, and such other and further relief as the Court may deem just and proper.

B.  For an award of damages to Pompeian for all actual, general, consequential, and incidental losses in an amount to be determined according to proof at trial, together with interest thereon at the maximum statutory rate (including prejudgment interest), fees and costs incurred herein, including attorneys' fees incurred in and to prosecute this action, and such other and further relief as the Court may deem just and proper.

C.  For such relief that the Court deems just and proper.

Dated: September 16, 2024                VENABLE LLP

By: /s/ Witt W. Chang
Witt W. Chang
Alexander W. Koff (*p.h.v. forthcoming*)
Ashleigh J.F. Lynn (*p.h.v. forthcoming*)

*Attorneys for Plaintiff*
Pompeian, Inc.

## JURY DEMAND

Pompeian respectfully requests a trial by jury on all causes of action.

AMENDED COMPLAINT

| | |
|---|---|
| Dated: September 16, 2024 | VENABLE LLP |
| | By: /s/ Witt W. Chang |
| | Witt W. Chang |
| | Alexander W. Koff (*p.h.v. forthcoming*) |
| | Ashleigh J.F. Lynn (*p.h.v. forthcoming*) |
| | *Attorneys for Plaintiff* Pompeian, Inc. |

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 2300, Los Angeles, CA 90067.

On September 16, 2024, I served a copy ☑ / original ☐ of the foregoing document(s) described as **AMENDED COMPLAINT AGAINST DEFENDANTS THE MILL AT KINGS RIVER, LLC AND JOHN MESROBIAN FOR: (1) BREACH OF CONTRACT; (2) BREACH OF CONTRACT IMPLIED IN FACT; (3) QUASI-CONTRACT; (4) CONVERSION; (5) FRAUD** on the interested parties in this action addressed as follows:

David M. Gilmore, Esq.  
GILMORE MAGNESS JANISSE  
7789 N. Ingram Avenue  
Suite 105  
Fresno, California 93711  
Phone: (448) 9800  
Fax:    (448) 9899  
Email: DMG@gmlegal.net

*Attorney for Defendant*  
The Mill at Kings River, LLC

☑ **BY MAIL (FRCP 5(b)(2)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2300, Los Angeles, California, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 16, 2024, at Los Angeles, California.

_____  
Mayra A. Hernandez