UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MILL AT KINGS RIVER, LLC, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00766-JLT-EPG <br><br> ORDER GRANTING, IN PART, JOINT STIPULATION FOR A PROTECTIVE ORDER <br><br> (ECF No. 40) |

This matter is before the Court on the parties' joint stipulation for the Court to approve their proposed protective order. (ECF No. 40). Upon review, the Court will grant the stipulation in part.

The Court finds the proposed protective order acceptable in most respects. However, the Court notes that the parties broadly state:

> confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, and information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

(ECF No. 40 at 2-3).

Such an expansive definition improperly allows the parties to deem information

1

confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue under Local Rule 141.1(c)(1), which requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." Therefore, the Court will limit the parties' definition of confidential information to the following types of documents: confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties).

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 26 at 3-4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website)).

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 40) is granted, in part, as revised above.

IT IS SO ORDERED.

Dated:  **March 11, 2025**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE