UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MILL AT KINGS RIVER, LLC, *et al.*, <br><br> Defendants. | Case No.   1:24-cv-00766-JLT-EPG <br><br> ORDER GRANTING IN PART PLAINTIFF'S AND CROSS-DEFENDANT'S MOTIONS TO COMPEL AND REQUESTS FOR SANCTIONS <br><br> (ECF No. 52, 53) |
| THE MILL AT KINGS RIVER, LLC, <br><br> Defendant, <br><br> v. <br><br> SUNRISE OLIVE RANCH, LLC, *et al.*, <br><br> Cross-Defendant. | |

In this civil action, Plaintiff Pompeian, Inc. ("Plaintiff"), asserts claims for breach of contract, breach of contract implied in fact, quasi-contract, conversion, and fraud against Defendant The Mill at Kings River, LLC. (ECF No. 10).  Additionally, the Mill at Kings River, LLC, asserts a cross claim against Sunrise Olive Ranch for Breach of fiduciary duty, fraud, and breach of joint venture/partnership agreement.

Before the Court is Plaintiff's and Cross-Defendant's motions to compel seeking an order requiring Defendants to produce various documents, and request for sanctions, brought pursuant

1

to Rules 26 and 37 of the Federal Rules of Civil Procedure, and Local Rule 251(e). (ECF No. 52, 53). For the reasons given below and stated on the record during the hearing on this matter, the Court grants in part Plaintiff's and Cross-Defendant's motions to compel and request for sanctions.

## I. BACKGROUND

Upon the request of the parties, the Court held an informal discovery dispute conference on April 29, 2025. (ECF No. 49).

On May 23, 2025, both Plaintiff and Cross-Defendant filed motions to compel and requests for sanctions against Defendant pursuant to Local Rule 251(e). (ECF Nos. 52, 53). Both motions asserted that Defendants have failed to produce all requested documents. (ECF No. 52-1 at 11; ECF No. 53 at 6). Defendants filed an opposition on May 30, 2025. (ECF Nos. 55, 56). Plaintiff filed two replies on June 4, 2025. (ECF No. 57, 58). The Court held a hearing on the motions on June 9, 2025. (*See* ECF No. 59).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Generally, "the moving party [must] inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Taylor v. O'Hanneson*,

No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *2 (E.D. Cal. June 13, 2014) "Broad discretion is vested in the trial court to permit or deny discovery. . . ." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

Rule 37(a)(5)(A) generally provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing the motion), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

### III. ORDER

For the reasons stated on the record at the June 6, 2025 hearing on these motions, the motions (ECF No. 52, 53) are granted in part. Defendant is ordered to produce additional documents and discovery responses as set forth below.

Additionally, the Court finds that sanctions for Plaintiff's and Cross-Defendant's reasonable expenses, including attorney fees, incurred in preparing the motion to compel are appropriate under Federal Rule of Civil Procedure 37(a)(5)(A).[1]

Specifically, **IT IS ORDERED** as follows:

1. Plaintiff's motion to compel and request for sanctions (ECF No. 52) is **GRANTED** in part as follows:
    a. The request for production of all ESI that is responsive to Pompeian's Requests for Production is GRANTED. Defendant is ordered to produce all outstanding ESI by no later than **June 18, 2025**.
    b. The Request for Production 30 is GRANTED in part. The parties are directed to meet and confer regarding the scope of production, based on the Court's guidance during the hearing direction and to inform the Court no later than June 18, 2025, regarding that agreement.
    c. The Request for Production 31 is GRANTED. Defendant is ordered to

---

[1] The Court will issue a separate order regarding the amount of sanctions, after reviewing the parties' briefing and supporting information requested in this order.

produce all documents referenced in its answer to any interrogatory or request for admission served on you in this action.

    d. The Request for Production 32 is GRANTED. Defendant The Mill at Kings River is ordered to produce all documents that Defendant The Mill obtained or will obtain pursuant to any third-party subpoena or public records requests in connection with this action.

    e. The Supplemental Request for Production No. 6 is GRANTED. Defendant Mesrobian is ordered to produce all documents that Defendant Mesrobian obtained or will obtain pursuant to any third-party subpoena or public records requests in connection with this action must be produced.

    f. Plaintiff's Request for Defendant to be compelled to answer Interrogatory No. 1 is GRANTED. Defendant must identify each and every time it discussed with any individuals or entities other than itself, that it would or might supply, sell, or otherwise provide olive oil to Pompeian.

2. Cross-Defendant's motion to compel and request for sanctions (ECF No. 53) is **GRANTED** in part as follows:

    a. The motion to compel Request for Production 5 is GRANTED in part. The parties are ordered to meet and confer regarding the scope of that production in light of the Court's direction and to inform the Court no later than June 18, 2025, regarding that agreement.

    b. Request for Production for 7 is GRANTED. Defendant is ordered to produce all documents and communications related to Defendant's acceptance, use, handling, storage, testing, resale, or other disposition of any olive oil received from Sunrise, including all records of any sales to third parties.

    c. Request for Production for 11 is GRANTED, insofar as such documents existed before the filing of this lawsuit. Defendant is ordered to produce all documents and communications dated before filing of this lawsuit related to any financial harm, damages, or losses your claim to have

4

suffered as a result of transactions involving Sunrise, including Sunrise's alleged breach of the purported joint venture/partnership agreement, such as financial analyses, profit/loss projections, and correspondence with third parties regarding losses.

    d. Request for Production 12 is GRANTED; except that as clarified on the record, the word purchasing is changed to acquiring. Accordingly, Defendant is ordered to produce all non-privileged documents and communications related to you decision-making process in acquiring olive oil from Sunrise, including cost analyses, supplier comparisons, and internal discussions.

    e. Request for Production 14 is DENIED.

    f. Request for Production 15 is GRANTED. Defendant is ordered to produce all documents and communications supporting its affirmative defense of set off.

    g. Request for Production 35 is GRANTED. Defendant is ordered to produce all documents and communications related to any steps it took to mitigate alleged damages arising from the alleged breach by Sunrise.

    h. Request for Production 37 is GRANTED. Defendant is ordered to produce all documents referenced in Defendant's answer to any interrogatory or request for admission served on Defendant in this action.

3. By no later than June 18, 2025, from the date of this order, Defendants must produce: (1) any outstanding ESI documents, and (2) a privilege log, if any, reflecting ESI documents withheld on the basis of privilege by July 1, 2024.

4. Also by no later than June 18, 2025, Defendant shall serve a Declaration regarding the parameters Defendant used to search ESI.

5. Additionally, Defendant is ordered to respond to additional document requests ordered above and provide a privilege log regarding those documents, as stated on the record, by no later than July 2, 2025.

6. If Defendant fails to produce the documents by these deadlines, it may be subject

5

to sanctions including evidentiary sanctions.

7. By no later than June 30, 2025, Plaintiff and Cross-Defendant shall file redacted billing records supporting their request for reasonable expenses, including attorney fees, that they incurred in filing the motion to compel.[2]

IT IS SO ORDERED.

Dated:   **June 13, 2025**                                /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE

---

[2] During the hearing, the Court declined the parties' requests for additional information regarding their requests for attorneys' fees and costs. However, upon review of the parties' filings, the Court has determined that it does not have sufficient information regarding such requests. Additionally, the total amount claimed appears to include fees for work not recoverable, such as meeting and conferring with the other parties in this matter, drafting letters and otherwise attempting to resolve this matter informally.