**VENABLE LLP**
Witt W. Chang (SBN 281721)
WWChang@Venable.com
Alexander W. Koff (*pro hac vice*)
AKoff@Venable.com
Ashleigh J.F. Lynn (*pro hac vice*)
ALynn@Venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorney for Plaintiff*
POMPEIAN, INC.

*Attorney for Third-Party Defendant*
SUNSET OLIVE OIL, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC., a Maryland Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE MILL AT KINGS RIVER, LLC a California Limited Liability Company; and<br><br>JOHN M. MESROBIAN, an individual,<br><br>Defendants.<br><br>and related counterclaim action and action against third-parties. | Case No. 1:24-cv-00766-JLT-EPG<br><br>**DECLARATION OF ASHLEIGH J.F. LYNN IN SUPPORT OF POMPEIAN, INC.'S MOTION FOR SANCTIONS**<br><br>Judge: Hon. Erica P. Grosjean<br>Hearing Date: August 1, 2025<br>Hearing Time: 10:00 am<br>Hearing Place: Courtroom 10 |

I, Ashleigh J.F. Lynn, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Partner with Venable LLP and admitted *pro hac vice* as counsel of record in this case on behalf of Pompeian, Inc. ("Pompeian") and Sunset Olive Oil, LLC. I have personal knowledge of the facts set forth in this declaration and am competent to testify to those facts. The facts set forth herein are true and correct.

2. On June 23, the Court ordered Pompeian, Defendants The Mill at Kings River, LLC ("The Mill") and John Mesrobian, and Sunrise Olive Ranch, LLC ("Sunrise") to meet and confer regarding Defendants' various discovery failures discussed at an informal status and discovery conference held earlier that day. *See* ECF. No. 71. On June 30, I participated in a meet and confer with counsel for Defendants and counsel for Sunrise. At that meet and confer, we discussed, among other issues, Defendants' deficient privilege log, Defendants' deficient ESI production, and Defendants' apparent failure to run an appropriate ESI search, including by running the required search terms on the required custodians. On the latter issue, we once again discussed the individuals who should be searched as custodians. Specifically, I noted that Daren Mesrobian was listed in The Mill's disclosure as someone who had relevant information and that he appeared in some of the hard copy emails that The Mill had produced. I concluded that Daren Mesrobian should be a custodian. Defendants' counsel assured me and Sunrise's counsel that Daren Mesrobian is should not be a custodian because he is just Defendant "John Mesrobian's son, who is an investment guy" and is "not an employee of The Mill."

3. My hourly rate is $1,215. I have practiced law for nearly 15 years and received my law degree from Boston University School of Law. I spent no fewer than 5 hours in preparing this Motion, Memorandum in Support, and Declaration.

4. My colleague, Evan Suval, has an hourly rate of $855. He has practiced law for approximately 2.5 years and received his law degree from The George Washington University Law School. He spent no fewer than 20 hours in preparing this Motion and all supporting papers, including factual and legal research and analysis in support of same.

5. Therefore, the fees incurred, for preparing this Motion and all supporting papers, total at least $23,175. These fees have been, or will be, charged to Pompeian and were necessarily

-1-

incurred to protect Pompeian's interests as described in the Motion and Memorandum in Support.

6. These fees were incurred at reasonable rates given the complexity and number of Defendants' at-issue violations. There are seven parties in this case: Plaintiff, two defendants, and four third-party defendants. The underlying dispute involves claims, cross-claims, third-party claims, counterclaims, and the defenses thereto. Defendants' violations before the Court today are particularly fact-intensive, with a long history of negotiations and unkept promises stemming from discovery requests served by Pompeian and Sunrise in February. Over the past five months, Pompeian and Sunrise have engaged in substantial efforts to remedy Defendants' failures including, among other things, deficiency letters and responses, meeting and conferring between all three law firms, several Court conferences, informal and formal briefing, and a motions hearing. While the aforementioned actions are, of course, not included in the fees incurred in preparing this Motion and supporting papers, they reflect an extensive procedural history—a history that provides critical context to this discovery dispute and which was necessary to bring to this Court's attention.

7. The total fees incurred align with prevailing market rates in the legal community charged by attorneys in California, at similar firms, of comparable skill, reputation, and experience.

8. Redacted billing records will be provided in support of this Declaration.

9. The above total fees do not include attorney time spent in connection with reviewing any opposition papers, preparing reply papers, or preparing for or arguing this Motion at a potential hearing. Pompeian therefore reserves the right to supplement the total fees following any further argument on the papers or at a hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2025 in Baltimore, Maryland.

Ashleigh J.F. Lynn