UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE MILL AT KINGS RIVER, LLC.,<br><br>Defendant. | Case No.   1:24-cv-00766-JLT-EPG<br><br>ORDER AWARDING EXPENSES TO PLAINTIFF AND CROSS-DEFENDANT INCURRED IN MAKING THE MOTIONS TO COMPEL<br><br>(ECF Nos. 52, 53) |
| THE MILL AT KINGS RIVER, LLC,<br><br>Defendant,<br><br>v.<br><br>SUNRISE OLIVE RANCH, LLC, *et al.*,<br><br>Cross-Defendant. | PAYMENT FROM DEFENDANT TO PLAINTIFF AND CROSS-DEFENDANT DUE IN 60 DAYS |

In this civil action, Plaintiff, Pompeian, Inc. ("Plaintiff"), asserts claims for breach of contract, breach of an implied in fact contract, quasi-contract, conversion and fraud against Defendant, The Mill at Kings River, LLC. ("Defendant") (ECF No. 10.) Additionally, Defendant asserts a cross claim against Sunrise Olive Ranch, LLC. ("Cross-Defendant") for breach of fiduciary duty, fraud, and breach of joint venture/partnership agreement.

On June 13, 2025, the Court granted in part Plaintiff's and Cross-Defendant's Motions to Compel and Request for Sanctions, (ECF No. 65). In that order, the Court also found that

sanctions for Plaintiff's and Cross-Defendant's reasonable expenses, including attorneys' fees, incurred in preparing the motion to compel are appropriate under Federal Rule of Civil Procedure 37(a)(5)(A), and indicated that it would issue a separate order regarding that amount of sanctions. (ECF No. 65, at p. 3).

The Court has now reviewed the parties' submissions regarding their expenses incurred in preparing the motion to compel. For the reasons set forth below, the Plaintiff is awarded expenses in the amount of $6,625.00 and Cross-Defendant is awarded expenses in the amount of $7,910.00.

Defendants shall pay sanctions in that amount no later than 60 days from the date of this order.

## I.    BACKGROUND

### A.    Order Granting Motions to Compel and Awarding Sanctions

On May 23, 2025, both Plaintiff and Cross-Defendant filed motions to compel and requests for sanctions against Defendant pursuant to Local Rule 251(e). (ECF Nos. 52, 53).

The Court held a hearing on the motions on June 9, 2025. (ECF No. 59). On June 9, 2025, the Court granted Plaintiff's and Cross-Defendant's motions to compel in part, and requests for sanctions—including attorney fees incurred in preparing the motion to compel—under Federal Rule of Civil Procedure 37(a)(5)(A), stating:

> For the reasons stated on the record at the June 6, 2025 hearing on these motions, the motions (ECF No. 52, 53) are granted in part. Defendant is ordered to produce additional documents and discovery responses as set forth below.
>
> Additionally, the Court finds that sanctions for Plaintiff's and Cross Defendant's reasonable expenses, including attorney fees, incurred in preparing the motion to compel are appropriate under Federal Rule of Civil Procedure 37(a)(5)(A).

(ECF No. 65, at p. 3). The Court also indicated it would issue a separate order regarding the amount of sanctions after reviewing the parties' briefing and supporting information requested in this order. (ECF No. 65, at p. 3).

Additionally, the Court ordered Plaintiff and Cross-Defendant to file redacted billing records in support of the request for reasonable expenses—including attorney fees—that were incurred in filing the motion to compel no later than June 30, 2025. (ECF No. 65, at p. 6). The Court noted that "upon review of the parties' filings, the Court has determined that it does not

have sufficient information regarding such requests. Additionally, the total amount claimed appears to include fees for work not recoverable, such as meeting and conferring with the other parties in this matter, drafting letters and otherwise attempting to resolve this matter informally." (ECF No. 65, at p. 6).

### B.  **Plaintiff's Submissions Regarding Expenses Incurred**

In connection with its motion to compel, Plaintiff Pompeian submitted the declaration of Ashleigh J. F. Lynn, which set forth the following information in support of Plaintiff's sanctions request:

> My hourly rate is $1,215. I have practiced law for nearly 15 years and received my law degree from Boston University School of Law. I spent no fewer than 3 hours in preparing this Motion, Memorandum in Support, and Declaration.
>
> My colleague, Evan Suval, has an hourly rate of $855. He has practiced law for approximately 2.5 years and received his law degree from The George Washington University Law School. He spent no fewer than 14 hours in preparing this Motion and all supporting papers, including factual and legal research and analysis in support of same.
>
> Therefore, the fees incurred, for preparing this Motion and all supporting papers, total at least $15,615. These fees have been, or will be, charged to Pompeian and were necessarily incurred to protect Pompeian's interests as described in the Motion and Memorandum in Support.
>
> These fees were incurred at reasonable rates given the complexity of the at-issue discovery disputes. There are seven parties in this case: Plaintiff, two defendants, and four third party defendants. The underlying dispute involves claims, cross-claims, third-party claims, counterclaims, and the defenses thereto. The dispute before the Court today is particularly fact intensive, with a history of negotiations and unkept promises stemming from discovery requests served Pompeian and Sunrise four months ago. Over those four months, Pompeian and Sunrise have engaged in substantial efforts to obtain the discovery from Defendants including, among other things, deficiency letters and responses, meeting and conferring between all three law firms, two Court conferences, and letter briefing. While the aforementioned actions are, of course, not included in the fees incurred in preparing this Motion and supporting papers, they reflect an extensive procedural history—a history that provides critical context to this discovery dispute and which was necessary to bring to this Court's attention. The total fees incurred also align with prevailing market rates in the legal community charged by attorneys, at similar firms, of comparable skill, reputation, and experience.
>
> The above total fees do not include attorney time spent in connection with reviewing any opposition papers, preparing reply papers, or preparing for or

> arguing the Motion at a potential hearing. Pompeian therefore reserves the right to supplement the total fees following any further argument on the papers or at a hearing.

(ECF No. 52-14, at p. 4-5) (paragraph numbers omitted).

In addition to the motion to compel, Plaintiff filed a reply to Defendant's opposition to the motion to compel. (ECF No. 55.) Plaintiff's reply was filed on June 4, 2025. (ECF No. 58). Plaintiff stated that effort was required, and fees incurred to perform additional legal research and to draft additional legal arguments to counter Defendant's opposition. (ECF No. 72 at p.2). The fees incurred for the reply were $5,062. (*Id.* at p.3). Ms. Lynn "spent no less than 1 hour preparing the Reply and supporting papers." (*Id.* at p.2). Mr. Suval "spent no fewer than 4.5 hours preparing the Reply Memorandum and supporting papers. (*Id.*)

In response to the Court's order that the parties file redacted billing records supporting their request for reasonable expenses (ECF No. 65, at p. 6), on June 30, 2025, Plaintiff submitted an informal letter and exhibits in support of its request for reasonable expenses incurred in filing the motion to compel. (ECF No. 73). Plaintiff claims substantial effort was required, and fees incurred, to file the Motion. (*Id.* at p.2). The total fees incurring for preparing the original motion to compel and supporting papers totaled $15, 615. (ECF No. 58 ¶ 11). Ms. Lynn "spent no fewer than 3 hours in preparing the Motion, Memorandum in Support, and Declaration." (*Id.* at p.1). Mr. Suval "spent no fewer than 14 hours in preparing the Motion and all supporting papers, including factual and legal research and analysis in support of the same." (*Id.*)

In total, Plaintiff claims it incurred invoices for reasonable expenses of $20, 677. The fees have been or will be charged to Plaintiff and were necessarily incurred to protect Plaintiff's interests. (ECF No.73 at p.3).

The informal letter provided the hourly rates for the attorneys who provided work on the motion to compel, reply and supporting papers[1]:

- Ashleigh J.F. Lynn: $1,215.00
- Evan Suval: $855.00

\\\

---

[1] Exhibits (A) and (B) list two additional attorneys: Chang, Witt W. and Rooney, Cogan R.S. These two attorneys were omitted from the listed hourly rates in this order because Ms. Lynn did not state either provided work towards the motion to compel and supporting papers in her declaration. *See* ECF No. 72 at pp.1-2.

4

C. **Cross-Defendant's Submissions Regarding Expenses Incurred**

In connection with its motion to compel, Cross Defendant Sunrise submitted the declaration of Dayme Sanchez, which set forth the following information in support of Cross-Defendant's sanctions request:

> I spent approximately 5.2 hours meeting and conferring with the other parties in this matter, drafting letters and otherwise attempting to resolve this matter informally, conducting legal research, and preparing this motion to compel and the supporting documents, at a rate of $600, and my colleague Jacqueline Graves spent approximately 20 hours on all the above tasks at a rate of $425. These attorneys' fee total: $11,620.
>
> I expect that we will spend another 7 hours of attorney time reviewing opposition papers, drafting a reply brief and attending the hearing on this motion. These attorneys' fee will total: $4,200.
>
> Further, Sunrise incurred a cost of $979 for engaging Eddings to review, scan, and upload the approximately 3,600 documents The Mill produced as hard copies.
>
> Thus, the total fees and costs that have been incurred or will be incurred in connection with the filing of this motion are $16,799. All of the attorneys' fees and costs described above have been charged or will be charged to Sunrise and Sunrise will have to pay them.
>
> I have practiced law in California for approximately ten years. I received my law degree from Harvard Law School.
>
> Based on my experience, the billing rates we have charged in connection with this work are consistent with the prevailing market rate in the relevant legal community for similar services charged by professionals of comparable skill, reputation, and experience practicing at California firms.
>
> I respectfully submit that the above fees and costs were necessarily incurred in the course of this litigation and were incurred at a reasonable rate.

(ECF No. 53-1, at p. 4-5) (paragraph numbers omitted).

In response to the Court's order that the parties file redacted billing records supporting their request for reasonable expenses (ECF No. 65, at p. 6), on June 30, 2025, Cross-Defendant filed a Declaration with redacted billing records supporting a request for reasonable expenses, including attorney fees, incurred in filing the motion to compel. (ECF. No 72).  Cross-Defendant claims that it incurred fees of $15,504 for 39.9 hours of work dedicated to the motion to compel. (*Id* at p.6). However, Cross-Defendant stated that 7.7 hours of the 39.9 hours were not billed. The

5

7.7 hours were subtracted from Ms. Graves' 30.9. Thus, Ms. Graves had a total of 23.2 billable hours (*Id.* at Exhibit A).

The declaration provided the hourly rate for the attorneys who provided work on the motion to compel, reply, and supporting documents:

- Dayme Sanchez: $600
- Jacqueline Graves: $435

## II.     LEGAL STANDARDS

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37(a)(5)(A) generally provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing the motion), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The fee applicant bears a burden to establish that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). An applicant meets this burden by producing "satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *see also Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community ... are satisfactory evidence of the prevailing market rate."). "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Courts rely on their own familiarity with the market in the district where the court sits. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (2011); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when

determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.") (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

**III.   ANALYSIS**

The Court now addresses Plaintiff's and Cross-Defendant's request for their reasonable expenses incurred in making the motion, including attorney's fees.

**A.   Plaintiff Pompeian's Expenses**

The Court has reviewed the billing records submitted by Plaintiff in support of their request. Those records support Plaintiff's claim that Ashleigh J. F. Lynn spending no fewer than 3 in preparing the motion to compel and supporting documents and no fewer than 1 hour preparing the reply and supporting papers. Those records also support Plaintiff's claim that Evan Suval spent no fewer than 14 hours preparing the motion to compel, and no fewer than 4.5 hours preparing the reply memorandum and supporting papers. The Court finds that reasonable attorneys fees for these hours were incurred in making the motion.

However, the Court finds that a reduction in hourly rate is warranted. Plaintiff's counsel seeks attorneys' fees of $1,215.00 for partner Ashleigh Lynn and $855.00 for associate Evan Suval. (ECF No. 73; Exhibit 1 at p.5).

Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, that is the Fresno Division of the Eastern District of California. *Beard v. Cnty. of Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 U.S. Dist. LEXIS 8129, at *38 (E.D. Cal. Jan. 17, 2023) ("The lodestar amount is to be determined based upon the prevailing market rate in the relevant community, which in this matter is the Fresno Division of the Eastern District of California.") (internal citation omitted).

7

Although Plaintiff's declaration states that these rates are "total fees incurred also align with prevailing market rates in the legal community charged by attorneys, at similar firms, of comparable skill, reputation, and experience," Plaintiff does not include any support for this assertion. Indeed, other courts in this district have found that hourly rates for attorney fees awarded in the Eastern District of California range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years. *See, e.g., Cianchetta v. BMW of N. Am.*, No. 2:20-cv-00241-KJM-JDP, 2022 U.S. Dist. LEXIS 106771, at *14 (E.D. Cal. Jun. 13, 2022) (reducing the hourly rate for attorneys in their first year of practice to $200); *Seebach v. BMW of N. Am., LLC*, No. 2:18-cv-00109-KJM AC, 2020 U.S. Dist. LEXIS 152330, at *8 (E.D. Cal. Aug. 21, 2020) (awarding the hourly rates of $200 for an attorney who had been admitted to practice less than two years, and $505 for an attorney "with roughly 20 years of experience" in 2020); *Siafarikas v. Mercedes-Benz USA, LLC*, No. 2:20-cv-01784-JAM-AC, 2022 U.S. Dist. LEXIS 206020, at *8 (E.D. Cal. Nov. 10, 2022) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney who had practiced law for 21 years).

Ms. Lynn indicates she has 15 years of legal experience and that Mr. Suval has approximately 2.5 years of legal experience. (ECF No. 52-14, at p. 4-5) (paragraph numbers omitted). To account for the rates in the local community, the Court will reduce the recoverably hourly rate to $500.00 for Ms. Lynn and $250.00 for Mr. Suval.

Based on this reduction, the Court finds that Plaintiff is entitled to recover $2000.00 for Ms. Lynn and $4,625.00 for Mr. Suval for a total of $6,625.00.

### B. Cross-Defendant Sunrise Expenses

Cross-Defendant Sunrise summarizes its requested attorneys' fees as follows:
I [Dayme Sanchez] spent approximately 9 hours conducting legal research, communicating with my colleagues, and preparing the motion to compel, the reply, and all supporting documents, at a rate of $600, and my colleague Ms. Graves spent approximately 30.9 hours on all the above tasks at a rate of $435; however ,we did not bill the client for a total of 7.7 hours dedicated to the motion to compel, as reflected in both Exhibits A and B. The attorneys' fees for the motion to compel total: $15,504.00.

(ECF No. 72-2, at p. 2).

8

The Court has also reviewed the billing records submitted by Cross-Defendant Sunrise and finds that a deduction is warranted to the extent the billing records include time for correspondence with other counsel, analysis of local rules, review of emails, review of other parties' pleadings. Accordingly, the Court finds that Cross-Defendant Sunrise is entitled to recover fees for the following hours:

Dayme Sanchez: 7.4 hours

J. Graves: 22.9 hours

The Court also finds that a reduction in hourly rates is warranted. Ms. Sanchez has ten years of legal experience (ECF No. 72 at ¶ 7). At the time of the declaration, Ms. Graves had seven months of legal experience (*Id.* at ¶ 8). In order to account for the rates in the local community, the Court will reduce the recoverably hourly rate to $450.00 for Ms. Sanchez and $200.00 for Ms. Graves.

Based on this reduction, the Court finds that Cross-Defendant Sunrise is entitled to recover $3,330 for Ms. Sanchez and $4,580 for Ms. Graves, for a total of $7,910.00.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, sanctions previously ordered by the Court on June 13, 2025 (ECF No. 65) shall be paid as follows:

No later than 60 days from the date of this order, August 28, 2025:

1. Defendants shall pay Plaintiff $6,625.00.
2. Defendants shall pay Cross-Defendant $7,910.00.

IT IS SO ORDERED.

Dated:   **August 27, 2025**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

9