1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  POMPEIAN, INC.,                          Case No.   1:24-cv-00766-JLT-EPG

11              Plaintiff,

12       v.                                   ORDER GRANTING IN PART AND
                                              DENYING PART PLAINTIFF POMPEIAN,
13  THE MILL AT KINGS RIVER, LLC, *et*        INC.'S MOTION FOR SANCTIONS
    *al.*,
14                                            (ECF No. 76)
                Defendants.
15

16  THE MILL AT KINGS RIVER, LLC,

17              Defendant,

18       v.

19  SUNRISE OLIVE RANCH, LLC, *et al.*,

20              Cross-Defendant.

21

22          In this civil action, Pompeian, Inc. ("Plaintiff"), asserts claims for breach of contract,

23  breach of an implied in fact contract, quasi-contract, conversion and fraud against The Mill at

24  Kings River, LLC. and John Mesrobian ("Defendants") (ECF No. 10.) Defendants also assert a

    cross claim against Sunrise Olive Ranch, LLC. ("Cross-Defendant") for breach of fiduciary duty,
25
    fraud, and breach of joint venture/partnership agreement.
26
            Before the Court is Plaintiff's Motion for Sanctions (ECF Nos. 76), asking that the Court
27
    issue several orders as sanctions against Defendants for failing to follow this Court's discovery
28

1

orders.

For the reasons given below, the Court grants Plaintiff's motion in part and denies it in part.

## I.    BACKGROUND

### a.  Plaintiff's Claims

This case proceeds on Plaintiff's "First Amended Complaint," ("FAC"), dated September 16, 2024.  (ECF No. 10). In the FAC, Plaintiff asserts five claims against Defendants The Mill at Kings River LLC and John Mesrobian: (1) Breach of Contract; (2) Breach of Contract Implied in Fact; (3) Quasi Contract; (4) Conversion; (5) Fraud. (ECF No. 10, p. 5-10).

Plaintiff alleges that Defendants agreed to deliver to Plaintiff 165.86 metric tons of olive oil in exchange for $1,992,000. (ECF No. 10, p. 2). Plaintiff alleges that Defendant the Mill accepted a $1,000,000 prepayment for delivery of olive oil, with the remaining $992,000 due upon delivery and acceptance of the olive oil. (ECF No. 9, p.2).  However, the Mill never delivered the olive oil to Pompeian, and "[i]n fact, John Mesrobian did not intend to deliver the olive oil at all; rather, he intended to use Pompeian's money for an unrelated 'advance' for olive growers and concealed his true intentions from Pompeian." (*Id.*). Plaintiff alleges that the $1,000,000 prepayment was instead used for an "advance" to olive growers in connection with a "joint venture/partnership" to which Plaintiff was not a party and of which Plaintiff was not aware. (ECF No. 10, p. 4).

### b.  Cross-Defendants' Amended Counter-Claims and Cross-Claims

This case also proceeds on Defendants' Amended Complaint and Cross-Claim, filed September 23, 2024, against Plaintiff Pompeian, individuals Dan Devico and Michael Devico, owners of Pompeian, Sunrise Olive Ranch and Sunset Olive Oil ("Cross Defendants").  (ECF No. 15).

Defendant the Mill alleges that it originally had discussions with Cross-Defendants regarding a joint venture, "to invest in the Mill Entities to maintain and develop production of both organic and conventional olive oil."  (ECF No. 15, p. 10).  Cross-Defendants agreed to invest $2.5 million in exchange for a 50% interest in The Mill.  "The investment funds would enable Cross Claimant [the Mill at Kings River] to pay off existing debt to Landec Corporation,

and be able to expand production, bottling and sales." (ECF No. 15, p. 10). The joint-venture/partnership also included the prospect of acquiring an olive oil company known as "O Olive Oil" from Landec Corporation. "The transaction consideration was structured such that the funds from Cross Defendants' investment in the Mill Entities would instead be used to acquire O Olive Oil and pay off the Mill at Kings River's remaining debt obligations to Landec Corporation, (the owner of O Olive Oil)." (*Id.,* p. 11).

Defendant also asserts that "[c]ontrary to the allegations of Cross Defendant Pompeian now, the $1 million that Cross Defendant Pompeian sent to Cross Claimant was supposed to be part of an advance of $2 million to ensure Cross Claimant remained viable until Cross Defendants could complete their investment. In a December 2, 2022, email, the advance from Cross Defendant was to be $2 million and used to pay the growers of Cross-Claimant's organic olives." (ECF No. 15, p. 13). Thus, "[t]he $1 million that was sent and received was all part of the joint venture/partnership between the parties." (ECF No. 15, p. 14).

Defendant asserts the following claims/cross-claims against Plaintiff and Cross-Defendants: breach of fiduciary duty, fraud, and breach of joint venture/partnership agreement.

### c.  Cross-Defendant Sunrise Olive Ranch's Counterclaim

Cross-Defendant Sunrise Olive Ranch LLC ("Sunrise") also filed a counterclaim against Defendant the Mill at Kings River on October 15, 2024 (ECF No. 27). Cross-Defendant Sunrise Olive Ranch asserts three causes of actions against Defendant, the Mill: (1) Breach of Contract; (2) Common Count—Goods and Services Rendered; (3) Common Count—Open Book Account.

Cross-Defendant alleges that between December 2022 and January 20223, Defendant the Mill agreed to purchase 5,910 gallons of olive oil from Sunrise via purchase orders provided by the Mill. (ECF No. 27, p. 3). Cross-Defendant Sunrise delivered the olive oil to the Mill on credit terms, at an aggregate price of $236,400.000 and payment for the goods was due in full no later than February 1, 2023, but Defendant failed to pay.

## II.    THE PARTIES' DISCOVERY DISPUTE

### a.  Mid-Discovery Status Conference

The parties first alerted the Court to a discovery dispute during a mid-discovery status conference held on April 15, 2025. In the parties' joint status report dated April 8, 2025,

3

1  Pompeian and Sunrise described the dispute as follows:

2          On March 27, 2025, Sunrise and Pompeian jointly wrote to counsel for Defendants
           concerning Defendants' March 26 responses, which did not include any document
3          production, a request for further extension, or an indication of when documents
           would be produced. While counsel for Defendants noted that he would make
4          responsive documents available for inspection and copying, Pompeian's Requests
           for Production sought ESI and included instructions for ESI production.
5          Pompeian's Requests and instructions are consistent with the Joint Rule 26(f)
           Report (ECF No. 22), in which Defendants represented that they possess ESI, and
6          Defendants' discovery responses explicitly refer to ESI in their possession (*e.g.*,
           emails). Despite Pompeian serving its requests in February, Defendants have not
7          produced a single electronic document.

8  (ECF No. 43, at p. 2).

9          **b. Informal Conference**

10         At the request of the parties, the Court set an informal discovery dispute conference for

11 April 29, 2025, and directed the parties to file informal discovery dispute letter briefs. (ECF No.

12 45). Plaintiff's letter brief explained that the Mill had not produced any Electronically Stored

13 Information ("ESI") or confirmed the parameters it would use to do so. Plaintiff also claimed that

14 Defendants' responses to certain written discovery requests were insufficient. (ECF No. 46).

15         On April 29, 2025, the Court held the informal discovery dispute conference. Following

16 the informal conference, the Court issued the following order confirming the parties' agreement

17 and giving the parties permission to file a motion to compel if Defendants' discovery responses

18 were insufficient:

19          In an effort to informally resolve the discovery disputes, the parties agreed as follows:
            (1) Defendant will promptly search ESI using the search terms and other parameters
20          proposed by Plaintiff and Cross-Defendant and either inform Plaintiff and Cross-
            Defendant if any of those parameters are not possible, or inform them when Defendant
21          will produce ESI using those parameters; and (2) by no later than May 9, 2025,
            Defendant shall supplement its responses to Plaintiff and Cross-Defendant's request
22          for production of documents and interrogatories. Finally, if the discovery responses
            are insufficient, Plaintiff and Cross-Defendant have permission to move to compel
23          discovery responses addressed in the informal conference. Such motion must comply
            with EDCA Local Rule 251.
24

25 (ECF No. 50).

26 \\\

27 \\\

28

                                              4

### c.   Plaintiff and Cross-Defendant's Motion to Compel and Request for Sanctions

On May 23, 2025, Plaintiff and Cross-Defendant filed motions to compel and requests for sanctions against Defendants pursuant to Local Rule 251(e). (ECF Nos. 52, 53).  Both motions claimed that Defendants had failed to produce any ESI and also failed to sufficiently respond to discovery requests. (ECF No. 52-1, p. 11; ECF No. 53, p.6).

> Plaintiff's motion to compel stated:
> Nearly eight months ago, Defendant The Mill at Kings River, LLC ("The Mill") represented that it possesses and intends to rely on ESI "pertinent to the claims and defenses" in this matter. Ex. 1 (The Mill's October 8, 2024 Initial Disclosures). As of the date of the Hearing on this Motion, four months will have passed since Plaintiff Pompeian, Inc. ("Pompeian") served discovery on Defendants The Mill and John Mesrobian. Defendants have yet to produce a single electronic document, apparently cannot confirm when they will do so, and have failed to respond sufficiently, or with any substance, to various discovery requests.

(ECF No. 52-1, p. 2).  Cross-Defendant Sunrise similarly argued, "On February 24, 2025, Sunrise served its Requests for Production, Interrogatories, and Requests for Admission (collectively, "***Discovery Requests***"). Despite repeated meet and confer efforts and court intervention, The Mill has failed to serve supplemental responses or produce any ESI in response to Sunrise's Requests for Production."  (ECF No. 53, p. 4).

Defendants filed an opposition on May 30, 2025. (ECF Nos. 55, 56). Defendants' opposition argues that "The actions of The Mill at Kings River do not show any disregard for the process. The Mill at Kings River has produced volumes of documents and appropriate written responses."  (ECF No. 55, p. 3).

The Court held a hearing on the motions on June 6, 2025.  (ECF No. 59, 64).  The Court discussed each issue and granted the parties' motions as to several discovery issues.  The Court issued a written order confirming its ruling on June 9, 2025, stating in part:

> Plaintiff's motion to compel and request for sanctions (ECF No. 52) is **GRANTED** in part as follows:
>
> > The request for production of all ESI that is responsive to Pompeian's Requests for Production is GRANTED. Defendant is ordered to produce all outstanding ESI by no later than **June 18, 2025**.
> >
> > The Request for Production 30 is GRANTED in part. The parties are directed to meet and confer regarding the scope of production, based on the

5

Court's guidance during the hearing direction and to inform the Court no later than June 18, 2025, regarding that agreement.

The Request for Production 31 is GRANTED. Defendant is ordered to documents referenced in its answer to any interrogatory or request for admission served on you in this action.
. . .

Plaintiff's Request for Defendant to be compelled to answer Interrogatory No. 1 is GRANTED. Defendant must identify each and every time it discussed with any individuals or entities other than itself, that it would or might supply, sell, or otherwise provide olive oil to Pompeian.

Cross-Defendant's motion to compel and request for sanctions (ECF No. 53) is **GRANTED** in part as follows:
. . .

Request for Production for 7 is GRANTED. Defendant is ordered to produce all documents and communications related to Defendant's acceptance, use, handling, storage, testing, resale, or other disposition of any olive oil received from Sunrise, including all records of any sales to third parties. . ..

By no later than June 18, 2025, from the date of this order, Defendants must produce: (1) any outstanding ESI documents, and (2) a privilege log, if any, reflecting ESI documents withheld on the basis of privilege by July 1, 2024.

Also by no later than June 18, 2025, Defendant shall serve a Declaration regarding the parameters Defendant used to search ESI.

Additionally, Defendant is ordered to respond to additional document requests ordered above and provide a privilege log regarding those documents, as stated on the record, by no later than July 2, 2025.

If Defendant fails to produce the documents by these deadlines, it may be subject to sanctions including evidentiary sanctions.

(ECF No. 65, p. 4-6).[1]

### d. Defendants' Declaration Regarding ESI Production

On June 18, 2025, Defendants filed the Declaration of David Gilmore regarding Parameters Employed by the Mill at Kings River and John Mesrobian for ESI Search. (ECF No. 66). Mr. Gilmore represented that Defendants provided ESI information to the parties using

---

[1] The Court also issued monetary sanctions, as further set forth in a separate ruling. (ECF No. 81).

search terms set forth in the declaration.  Defendants also prepared a privilege log that identified

the communications withheld based on attorney client privilege.

## III.    PLAINTIFF'S MOTION FOR SANCTIONS

### a.  Plaintiff's Motion for Sanctions

On July 15, 2025, Plaintiff filed the current motion for sanctions. (ECF No. 76). Plaintiff

claimed that following the Court's order, Defendants committed the following fifteen discovery

violations:

1. Mr. Mesrobian failed to serve supplemental responses to Plaintiff Pompeian, Inc.'s ("Pompeian") First Requests for Admission ("RFAs"), as ordered in this Court's April 29, 2025 Minute Order ("April Minute Order"), ECF No. 50, and in the June 6, 2025 hearing on Pompeian's Motion to Compel & Request for Sanctions ("Hearing");

2. Defendants failed (again) to "promptly search ESI using the search terms and other parameters proposed by Plaintiff and Cross-Defendant" as ordered in the April Minute Order and this Court's June 13, 2025 Order Granting in Part Pls.' & Cross-Def.'s Mots. to Compel & Requests for Sanctions ("Compel & Sanctions Order"), ECF No. 65;

3. Defendants failed to provide a satisfactory privilege log by June 18, as ordered in the Compel & Sanctions Order;

4. Defendants failed to provide an amended privilege log by July 4 as promised in the parties' June 30 meet and confer ("Meet and Confer")—a conference the Court ordered after providing guidance to Defendants about curing their privilege log in the Court's June 23, 2025 Minute Order ("June Minute Order"), ECF No. 71;

5. Defendants failed to remedy all privilege log deficiencies when belatedly providing an amended log;

6. Defendants failed to provide a satisfactory declaration regarding ESI by June 18, as ordered in the Compel & Sanctions Order;

7. Defendants failed to provide (and have never provided) a corrected declaration by July 4 as promised in the Meet and Confer pursuant to the June Minute Order;

8. Defendants failed to provide proper ESI on June 18, as ordered in the Compel & Sanctions Order;

9. Defendants failed to provide (and have never provided) remedied ESI by July 4, as promised in the Meet and Confer pursuant to the June Minute Order;

10. Defendants failed to serve supplemental discovery responses by July 2, as ordered in the Compel & Sanctions Order;

11. The Mill failed to cure the established deficiencies in its response to Pompeian's

Interrogatory No. 1 ("ROG 1") when belatedly serving same;

12. The Mill failed to produce responsive documents to Pompeian's Request for the Production of Documents ("RFPs") No. 31 by July 2, as ordered in the Compel & Sanctions Order;

13. The Mill failed to produce responsive documents to RFP No. 30 by July 2, as ordered in the June Minute Order;

14. The Mill failed to supplement its response to RFP No. 33 as directed in the June 6, 2025 hearing ("Hearing") on Pompeian's motion to compel and request for sanctions; and

15. Mr. Mesrobian failed to supplement his response to RFP No. 7 as directed in the hearing

(ECF No. 76-1, pp.3-4). Plaintiff requests numerous sanctions, including evidentiary sanctions and adverse inferences.

### b. Defendants' Opposition to Plaintiff's Motion for Sanctions

Defendants filed an opposition to Plaintiff's motion for sanctions on August 5, 2025. (ECF No. 78).  Defendants argue that "there is no basis for sanctions here" and states that "the documents were provided."  (ECF No. 78, p.2).  However, Defendants' opposition brief largely fails to respond to Plaintiff's allegations, except for Plaintiff's allegations about its privilege log. Regarding that issue, Defendants argue that they provided a sufficient privilege log with the requisite detail regarding the documents withheld.  (*Id.*, p. 4)

Defendants also submitted a declaration of defense counsel, David Gilmore, in support of their opposition to the motion for sanctions.  (ECF No. 78-1).  Mr. Gilmore's declaration begins by reviewing discovery produced prior to the Court's order granting the motion to compel.  It then provides the following description of Defendants' production done after the Court's order on the motion to compel:

9. On June 18, 2025, The Mill and Mesrobian produced the electronically stored information to the other parties. The records were produced in the way in which they were maintained at The Mill.

10. On July 3, 2025 further supplemental responses were provided by The Mill to Pompeian's Requests to Produce and Interrogatories.

11. On July 3, 2025 pursuant to the court's order, The Mill provided financial statements.

8

12. A privilege log was initially supplied in conjunction with ESI on or about June 18, 2025. Plaintiffs objected to the format of the privilege log and the court ordered that the privilege log be expanded to include additional information. The expanded privilege log was provided to the other parties on or about July 9, 2025. A true and correct copy of the log is attached hereto as Exhibit 1.

(ECF No. 78-1, p. 2).

Mr. Gilmore then states "[t]here have been some delays in getting some of this work done. Some are due to my schedule and some to the independent tech person, Alex Dictos, hired by the client." (ECF No. 78-1).  Mr. Gilmore also represents that Mr. Mesrobian testified at deposition that the Mill "has very little in the way of electronic equipment all of which was searched for relevant records." (*Id.,* p. 3).

Attached to the Declaration is a privilege log and excerpts of a deposition from John Mesrobian.

### c.  Additional Filings and Hearing

Cross-Defendant Sunrise Olive Ranch filed a short Notice of Joinder in Plaintiff's Motion for Sanctions on August 14, 2025.  (ECF No. 79).  Sunrise briefly argues that the Mill violated several discovery orders related to Sunrise as well.  Sunrise also requested evidentiary and monetary sanctions.

On August 26, 2025, Plaintiff Pompeian filed a reply in support of its motion for sanctions.  (ECF No. 80).

On August 28, 2025, the Court held a hearing on Plaintiff's motions for sanctions. (ECF No. 83).

Following the hearing, the Court issued the following order regarding issues raised concerning Defendants' privilege log:

The Court has reviewed Plaintiff's Motion for Sanctions (ECF No. 76) and considered the parties' arguments made during the hearing on that motion. The Court finds that certain issues Plaintiff raises regarding Defendant's privilege log go beyond the scope of Plaintiff's Motion for Sanctions. Specifically, Plaintiff argues in part that Defendant must produce certain documents withheld as privilege because (1) they were disclosed to a third party, waiving any privilege; or (2) they did not involve a legal advisor. These issues were not directly addressed by the Court's order granting Plaintiff's motion to compel, (ECF No. 65) and are thus not a basis for sanctions for failure to comply with that order. Thus, the Court does not intend to address these issues in ruling on Plaintiff's motion for sanctions.

9

The parties are directed to meet and confer regarding these issues, and following those discussions, Plaintiff may file a motion to compel if it chooses to do so. Any such motion shall comply with ED Local Rule 251.

(ECF No. 83).

## IV.    LEGAL STANDARDS

Pursuant to the Federal Rules of Civil Procedure 37(b)(2), a Court may issue sanctions against a party:

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)— fails to obey an order to provide or permit discovery, including an order under Rule 26(f) , 35 , or 37(a), the court where the action is pending may issue further just orders. [Just orders] may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

. . .

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), (C).

"Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982). "The decision to impose sanctions under rule 37 is in the trial court's discretion." *Forro Precision, Inc. v. IBM*, 673 F.2d 1045, 1053 (9th Cir. 1982).

Furthermore, under Federal Rule of Civil Procedure 37(b)(2)(C) "the court must order

disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

## V.     DISCUSSION

### a.  Whether Plaintiff Pompeian Has Established that Defendants Violated a Court Order

The Court begins by determining whether Defendants failed to obey a Court order under

Fed. Rule Civ. P. 26. The Court addresses each of Plaintiff Pompeian's allegations in its Motion

for Sanctions in turn.  (ECF No. 76-1).

### 1.  RFA Responses

Plaintiff first claims that "Mr. Mesrobian failed to serve supplemental responses to

Plaintiff Pompeian, Inc.'s ("Pompeian") First Requests for Admission ("RFAs"), as ordered in

this Court's April 29, 2025, Minute Order ("April Minute Order"), ECF No. 50, and in the June 6,

2025, hearing on Pompeian's Motion to Compel & Request for Sanctions ("Hearing")."  (ECF

No. 76-1, p. 2).

Plaintiff's motion failed to attach the RFAs or Defendants' response to those RFAs.

Nevertheless, per the Court's request, Plaintiff has now done so and the relevant RFAs and

Defendants most recent responses are as follows:

> **REQUEST FOR ADMISSION NO. 1:**
> Admit that, when YOU stated in Paragraph 12 of YOUR ANSWER that
> "samples of olive oil were sent to Plaintiff for testing," YOU directed and/or
> authorized THE MILL to send such samples to POMPEIAN.
>
> **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**
> Cross Defendant objects to Request to Admit 1 on the grounds the question
> is vague and ambiguous, compound and seeks information that is neither relevant
> nor reasonably calculated to lead to the discovery of admissible evidence. Without
> waiving the objections, Defendant admits that, as one of the members of The Mill
> at Kings River LLC, he had samples sent to Pompeian.
>
> **REQUEST FOR ADMISSION NO. 2:**
> Admit that, when YOU stated in Paragraph 26 of YOUR ANSWER that THE
> MILL "provided no other samples and delivered no olive oil to Plaintiff," YOU
> directed and/or authorized THE MILL to take such actions and/or inactions.

11

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**
Cross Defendant objects to Request to Admit 2 on the grounds the question
is vague and ambiguous, compound and seeks information that is neither relevant
nor reasonably calculated to lead to the discovery of admissible evidence. Without
waiving the objections, Defendant, as one of the members of The Mill at Kings
River LLC, admits that no additional samples were sent to Pompeian and no olive
oil was delivered by The Mill.

**REQUEST FOR ADMISSION NO. 3:**
Admit that, when YOU stated in Paragraph 49 of YOUR ANSWER that
YOU and THE MILL "did not deliver olive oil and have not returned the $1
million," YOU directed and/or authorized THE MILL to take such actions and/or
inactions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**
Cross Defendant objects to Request to Admit 3 on the grounds the question
is vague and ambiguous, compound and seeks information that is neither relevant
nor reasonably calculated to lead to the discovery of admissible evidence. Without
waiving the objections, Defendant, as one of the members of The Mill at Kings
River LLC, admits that he did not cause The Mill to deliver $1 million to
Pompeian and that to date no olive oil has been shipped to Pompeian.

**REQUEST FOR ADMISSION NO. 4:**
Admit that YOU directed/and or authorized THE MILL to issue the INVOICE to
POMPEIAN.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**
Cross Defendant objects to Request to Admit 4 on the grounds the question
is vague and ambiguous and seeks information that is neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence. Without
waiving the objections, Defendant admits that, as one of the members of The Mill
at Kings River LLC, he caused an invoice to be prepared and sent at the request of
Pompeian.

**REQUEST FOR ADMISSION NO. 5:**
Admit that, at the time when THE MILL received a $1,000,000 payment in
connection with the INVOICE, YOU intended to use all or a portion of those funds
as a grower advance in connection with the "joint venture/partnership" alleged in
THE MILL's COUNTERCLAIM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**
Cross Defendant objects to Request to Admit 5 on the grounds it contains a
faulty premise. Without waiving the objections, the funds were not paid to John
Mesrobian but to The Mill at Kings River. John Mesrobian, individually, was not
using the funds for any purpose and thus based on that qualification, deny.

\\\

12

**REQUEST FOR ADMISSION NO. 6:**
Admit that, before POMPEIAN filed this ACTION, YOU did not
communicate to POMPEIAN YOUR intention to use all or a portion of the
$1,000,000 payment as a grower advance in connection with the "joint
venture/partnership" alleged in THE MILL's COUNTERCLAIM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**
Cross Defendant objects to Request to Admit 6 on the grounds it contains a
faulty premise. The funds were not paid to John Mesrobian but to the Mill at Kings
River LLC. Without waiving the objections, deny.

Defendants' opposition does not address this issue.

After consideration, the Court finds that Defendants violated a Court order by failing to
provide supplemental responses to Requests for Admission 1-6 propounded by Plaintiff
Pompeian to Defendant John Mesrobian, Set One. During the hearing on the motions to compel,
the Court ordered Defendants to supplement their RFA responses, after defense counsel agreed to
do so. (ECF 64, p. 34) ("THE COURT: Okay. So I'm looking at 52-3, Page 4, request for
admission, Mr. Mesrobian will supplement his RFA responses by April 28th. . . . MR.
GILMORE: . . . I do recall that we had done that, but they were not supplemented, so. THE
COURT: Okay. So that's granted. So, Pompeian's motion to compel is granted in that, and here
it's Mr. Mesrobian will supplement his RFA responses.").[2] Plaintiff has established that
Defendants failed to comply with that order.[3]

### 2. ESI Production

Plaintiff next claims that Defendants failed to comply with the Court's order regarding
ESI production for several reasons: "Defendants failed (again) to 'promptly search ESI using the
search terms and other parameters proposed by Plaintiff and Cross-Defendant' as ordered in the
April Minute Order and this Court's June 13, 2025, Order Granting in Part Pls.' & Cross-Def.'s
Mots. to Compel & Requests for Sanctions," "Defendants failed to provide a satisfactory

---

[2] The Court notes that this portion of its order was not reflected in the Court's written order following the
hearing. (ECF No. 65). However, the Court clearly stated its order on the record after defense counsel
agreed to supplement its RFA responses. Moreover, Defendants have not argued otherwise in its
opposition.
[3] Although the Court concludes that Defendants violated the Court's order to supplement these responses,
it does not find a violation of the Court's order following the informal conference. That order merely set
for the parties' own agreement during an informal discovery conference. (ECF No. 50) ("In an effort to
informally resolve the discovery disputes, the parties agreed as follows . . ..").

declaration regarding ESI by June 18, as ordered in the Compel & Sanctions Order," "Defendants failed to provide (and have never provided) a corrected declaration by July 4 as promised in the Meet and Confer pursuant to the June Minute Order;" "Defendants failed to provide proper ESI on June 18, as ordered in the Compel & Sanctions Order;" "Defendants failed to provide (and have never provided) remedied ESI by July 4, as promised in the Meet and Confer pursuant to the June Minute Order."  (ECF No. 76-1, p. 2-3).

Defendants' opposition generally argues that "the documents were provided," without further elaboration.  (ECF 78-1, p. 2).  However, Mr. Gilmore's declaration attached to that opposition represents that "On June 18, 2025, The Mill and Mesrobian produced the electronically stored information to the other parties. The records were produced in the way in which they were maintained at The Mill."  (ECF No. 78-1, p. 2).

The Court begins with its written order regarding Plaintiff's motion to compel.  That order stated: "By no later than June 18, 2025, from the date of this order, Defendants must produce: (1) any outstanding ESI documents . . .. Also, by no later than June 18, 2025, Defendant shall serve a Declaration regarding the parameters Defendant used to search ESI."  (ECF No. 65, p. 5).

Defendants complied with the Court's written order.  Defendants produced ESI documents on June 18, 2025.  (ECF No. 78-1, p. 2).  Moreover, Defendants filed a declaration setting forth the parameters they used to search ESI also on June 18, 2025.  (ECF No. 66).

Before turning to the issue of what search terms were used for that production, it is worth remembering the Plaintiff's motion to compel was based in large part on Defendants' failure to produce *any* ESI. (ECF No. 52-1, p. 2) ("Defendants have yet to produce a single electronic document, apparently cannot confirm when they will do so . . . ;" "Defendants have failed to produce any ESI whatsoever—forcing Pompeian to expend additional resources in pursuing this Motion—is sanctionable conduct and warrants that Pompeian be compensated for its time and expenses.").  Indeed, in the conclusion of Plaintiff's motion to compel, Plaintiff summarized its request regarding ESI as follows: "Pompeian respectfully asks this Court to compel Defendants to immediately comply with the terms of the Order—compelling the production of all responsive ESI . . .."  (ECF No. 52-1, p. 62).  Thus, Defendants' production of ESI and explanatory declaration by the Court's deadline addressed the largest deficiency in Defendants' discovery

1    production to date.

2         Even though Defendants provided ESI by the Court's deadline, Plaintiff's motion asserts

3    that Defendants' ESI production and declaration were "deficient" because Defendants failed to

4    use the search terms provided by the parties.  In support, Plaintiff first relies on the Court's April

5    29, 2025 minute order following the parties' informal discovery conference, which stated in part:

6    "In an effort to informally resolve the discovery disputes, the parties agreed as follows: (1)

7    Defendant will promptly search ESI using the search terms and other parameters proposed by

8    Plaintiff and Cross-Defendant and either inform Plaintiff and Cross-Defendant if any of those

9    parameters are not possible, or inform them when Defendant will produce ESI using those

10   parameters."  (ECF No. 50).  However, this order merely confirms the parties' own agreement

11   stated during an informal conference.  Furthermore, it states that Defendants will either use the

12   parties' search terms of inform them if those parameters were not possible.  For those reasons,

13   Defendants' failure to use the parties' search terms for ESI did not violate an April, 2025 Court

     order.

14        Plaintiff next relies on the Court's June 9, 2025, minute order, directly following the

15   hearing on the motion to compel, which stated in part: "Defendant has until June 18, 2025, to

16   produce outstanding ESI documents . . . The Court also orders Mr. Gilmore to include a

17   Declaration regarding the parameters used to search ESI."  (ECF No. 60).  This order also does

18   not require Defendants to use specific search terms.

19        Plaintiff then refers to statements made during meet and confers with the parties.

20   However, statements made in meet and confer are not Court orders under Rule 37.

21        Thus, it appears that the Court did not issue an order requiring Defendants to use the

22   search terms provided by the parties, and thus Defendants' failure to do so did not violate a Court

23   order.  That said, defense counsel repeatedly represented to the parties and the Court that they

24   would use the search terms provided by the parties, including stating during the hearing on the

25   motion to compel: "We used the search terms that were provided by all the parties. And I would

26   have to go back. I can compile that, I guess compile that list, but we used all the terms that were

27   provided by the parties."  (ECF No. 64, p. 7).  The Court was entitled to rely on this

28   representation from defense counsel.

As such, after consideration, the Court finds that Defendants' ESI production and declaration complied with the Court's orders, but did not comply with Defendants' representations made to the Court and the parties about the scope of that search.

### 3. Privilege Log

Plaintiff next claims that Defendants failed to "provide a satisfactory privilege log by June 18, as ordered in the Compel & Sanctions Order," "failed to provide an amended privilege log by July 4 as promised in the parties' June 30 meet and confer ('Meet and Confer')," and "failed to remedy all privilege log deficiencies when belatedly providing an amended log." (ECF No. 76-1, pp. 2-3).

In the Court's order granting Plaintiff's motion to compel, the Court ordered in relevant part: "By no later than June 18, 2025, from the date of this order, Defendants must produce: . . . a privilege log, if any, reflecting ESI documents withheld on the basis of privilege by July 1, 2024. . .. Additionally, Defendant is ordered to respond to additional document requests ordered above and provide a privilege log regarding those documents, as stated on the record, by no later than July 2, 2025." (ECF No. 65, p. 5).

Defense counsel's declaration dated June 18, 2025, represents that "[a] privilege log was prepared which identifies the communications with counsel that were withheld based on attorney client privilege." (ECF No. 66, p. 1). Moreover, defense counsel's declaration in opposition to Plaintiff's motion for sanctions states "[a] privilege log was initially supplied in conjunction with ESI on or about June 18, 2025. Plaintiffs objected to the format of the privilege log and the court ordered that the privilege log be expanded to include additional information. The expanded privilege log was provided to the other parties on or about July 9, 2025. A true and correct copy of the log is attached hereto as Exhibit 1." (ECF No. 78-1, p. 2). Defendants also attached a 45-page privilege log, with the following categories: To; From; CC; Date; Time; Subject; Doc Title; Author; Subject Matter of Communication; Doc Type. (ECF No. 78-1, p. 6).

The Court finds that Defendants complied with the Court's order regarding providing a privilege log. Although Plaintiff has argued that the privilege log should have included additional disclosures about the documents withheld, the Court's order did not address the format of the log. As the Court stated in a minute order following the hearing on the motion to compel: "Plaintiff's

issues regarding Defendant's privilege log go beyond the scope of Plaintiff's Motion for Sanctions. Specifically, Plaintiff argues in part that Defendant must produce certain documents withheld as privilege because (1) they were disclosed to a third party, waiving any privilege; or (2) they did not involve a legal advisor. These issues were not directly addressed by the Court's order granting Plaintiff's motion to compel, (ECF No. 65) and are thus not a basis for sanctions for failure to comply with that order."  (ECF No. 83).  Although the Court gave Plaintiff permission to file a motion to compel on these issues, it has not done so.

Thus, the Court finds that Defendants have not violated a Court order regarding their privilege log.

### 4.   Supplemental Discovery Responses

Plaintiff's motion for sanctions also claims that "Defendants failed to serve supplemental discovery responses by July 2, as ordered in the Compel & Sanctions Order;" "The Mill failed to produce responsive documents to Pompeian's Request for the Production of Documents ("RFPs") No. 31 by July 2, as ordered in the Compel & Sanctions Order," and "[t]he Mill failed to produce responsive documents to RFP No. 30 by July 2, as ordered in the June Minute Order." (ECF No. 76-1, p. 3).

In opposition, defense counsel's declaration represents that "On July 3, 2025, further supplemental responses were provided by the The Mill to Pompeian's Requests to Produce and Interrogatories."  (ECF No. 78-1, p. 2).

The Court's order stated in relevant part "Defendant is ordered to respond to additional document requests ordered above and provide a privilege log regarding those documents, as stated on the record, by no later than July 2, 2025."  (ECF No. 65, p. 5).

It appears that Defendants violated this order to the extent they provided their responses one day late.

Although Plaintiff's motion for sanctions also states that the supplemental discovery responses "failed to cure the very deficiencies necessitating supplementation in the first instance," Plaintiff does not elaborate on the supposed deficiencies.  (ECF No. 76-1, pp. 7, 18).

Thus, the Court finds that Defendants violated the Court's order that "Defendant is ordered to respond to additional document requests ordered above . . . by no later than July 2,

1    2025," by providing those responses on July 3, 2025.

2                              **5.  RFP 33**

3         Plaintiff next claims that "The Mill failed to supplement its response to RFP No. 33 as

4    directed in the June 6, 2025, hearing ("Hearing") on Pompeian's motion to compel and request

5    for sanctions."  (ECF No. 76-1, p. 3).  Plaintiff does not provide further argument on this issue.

6         Defendants' opposition also did not address this issue.

7         Regarding RFP No. 33, the Court ordered at the hearing on the motion to compel that it

8    would "grant Request for Production Number 33 to the extent that Defendants will be unable to

9    use any document at trial if they have not produced them in discovery."  (ECF No. 64, p. 43).

10        Although it is not clear if Defendants are withholding any documents they intend to

11   introduce as exhibits at trial, the Court will hereby confirm its order that Defendants cannot use

     any documents at trial that have not been produced.

12                             **6.  RFP 7**

13        Plaintiff also claims that "Mr. Mesrobian failed to supplement his response to RFP No. 7

14   as directed in the Hearing."  (ECF No. 76-1, p. 3).  Plaintiff does not quote the relevant RFP or

15   provide any further argument regarding this claim.

16        Defendants' opposition fails to address this issue.

17        The Court's order granting the motions to compel ordered Defendants to produce

18   documents responsive to *Cross-Defendant Sunrise's* RFP 7.  (ECF No. 65, at p. 4) ("Cross-

19   Defendant's motion to compel and request for sanctions (ECF No. 53) is **GRANTED** in part as

20   follows . . .Request for Production for 7 is GRANTED.").  (*See also* ECF No. 64, p. 19) ("Let's

21   turn to RFP 7 that's discussed on Document 53, Page 8); (ECF No. 53 "MOTION to COMPEL

22   Sunrise's Motion to Compel Responses to its Requests for Production").  The Court's order did

23   not rule on any RFP 7 propounded by Pompeian.

24        Thus, the Court does not find that Defendants violated a Court order related to any RFP 7

25   propounded by Pompeian.  Nor does Pompeian argue that it should be entitled to sanctions for

26   any failure to produce discovery responsive to Cross-Defendant Sunrise's discovery requests.

                             **7.  Interrogatory Number 1**

27        Plaintiff's motion also states that "The Mill failed to cure the established deficiencies in

28

1    its response to Pompeian's Interrogatory No. 1 ("ROG 1") when belatedly serving same." (ECF

2    No. 76-1, p. 3).

3          Defendants' opposition does not respond to this issue.

4          The Court's order stated as follows: "Plaintiff's Request for Defendant to be compelled to

5    answer Interrogatory No. 1 is GRANTED. Defendant must identify each and every time it

6    discussed with any individuals or entities other than itself, that it would or might supply, sell, or

7    otherwise provide olive oil to Pompeian."  (ECF No. 65, p. 4).

8          The Court has reviewed Defendants' supplemental response, dated July 2, 2025, which

9    states:

> After meeting and conferring the parties agreed that the scope of this
> interrogatory included communications about testing of the olive oil The Mill at
> Kings River did not keep a log or record of when the communications were *but the
> discussions about testing* were all between John Mesrobian on behalf of The Mill
> at Kings River and Dan Devico on behalf of Pompeian. Devico asked that samples
> be sent for testing and Mesrobian, on behalf of The Mill, agreed to do so and did
> send samples. Devico then told Mesrobian that the samples had pesticide residue
> that would require that the oil be rejected if it was to be used to be sold as organic.
> Mesrobian thought that was odd because the ranches from which the olives came
> from were certified organic. Mesrobian told Devico The Mill would attempt to
> figure out what happened. The discussions were in the context of moving forward
> with the joint venture which was, in part, to increase the volume of organic and
> other olive oil via the joint venture.  The discussions about the $1 million were that
> it was to be the initial investment in The Mill by the Devico parties. Mesrobian
> and Dan Devico discussed the use of the funds which was to pay growers to obtain
> more organic olives for the joint venture.

19    (ECF No. 76-13) (emphasis added).

20          The Court agrees that Defendants' limitation in its response to discussions "about testing"

21    did not comply with the Court's order.

22          Thus, the Court finds that Defendants failed to comply with the Court's order to

23    supplement their answer to Plaintiff Pompeian's Interrogatory No. 1 and specifically to "identify

24    each and every time it discussed with any individuals or entities other than itself, that it would or

25    might supply, sell, or otherwise provide olive oil to Pompeian."[4]

---

26    [4] In its Joinder in Pompeian's Motion for Sanctions, (ECF No. 79) Cross-Defendant Sunrise Olive Ranch
      also lists its own allegations that Defendants violated court orders.  (ECF No. 79, pp. 3-4). While most of
27    the alleged violations mirror those asserted by Plaintiff, Sunrise also briefly claims that Defendants failed
      to comply with court order related to Sunrise's own discovery requests.  To the extent Sunrise alleges
28    additional violations related to Sunrise's own document requests, the Court finds that these allegations do

**b. Plaintiff's Request for Sanctions**

Having now determined the extent that Defendants violated a court order, the Court now addresses Plaintiff's request for sanctions related to those violations.

Plaintiff's proposed order requests that the Court sanction Defendants by finding that:

2.     Defendants The Mill at Kings River, LLC ("The Mill") and John Mesrobian committed the 15 violations set forth in Plaintiff's Motion.

3.     Defendants have waived privilege protections over the withheld documents listed in their Amended Privilege Log.

4.     Defendants must produce all documents listed on the Amended Privilege Log.

5.     Defendants are prohibited from adducing any evidence that they have not already properly disclosed or produced in this action in support of their claims or defenses.

6.     Defendants are prohibited from opposing Pompeian's claims against them in this action.

7.     Defendants are prohibited from supporting any counterclaims against Pompeian in this action.

8.     The following matters and facts are to be taken as established in this action:

   a.   Based on The Mill's deficient second supplemental response to Plaintiff's Interrogatory No. 1, The Mill had numerous discussions, other than those mentioned in the response, concerning The Mill's provision of olive oil to Pompeian, consistent with Pompeian's allegations in the Amended Complaint;

   b.   Based on Defendants' failure to use the search parameters as ordered in this Court's April 29, 2025 Minute Order (ECF No. 50) ("April Minute Order"), running those search parameters would reveal evidence supporting that Defendants are liable in this case, consistent with Pompeian's allegations in the Amended Complaint; and

   c.   Based on Mr. Mesrobian's failure to supplement his responses to Plaintiff's Requests for Admission as ordered in the April Minute Order, each such Request for Admission is deemed admitted.

---

not independently support sanctions because Sunrise did not file its own motion for sanctions, did not explain or support the alleged violations in its brief joinder, and raised these allegations only after Defendants filed their opposition.

1

2

3          9.      Sanctions, for Plaintiff's expenses in preparing the Motion, are awarded in
           the amount of $23,175 against Defendants and their counsel, David M. Gilmore,
           jointly and severally, to be paid to Plaintiff within 10 calendar days of the entry of
4          this Order.

5     (ECF No. 76-18).

6          The Court addresses each request in turn.

7          For the reasons set forth above, the Court will not find that Defendants The Mill at Kings

8     River, LLC ("The Mill") and John Mesrobian committed the 15 violations set forth in Plaintiff's

9     Motion.  However, the Court will issue an order regarding the discovery violations it has found.

10         As for Plaintiff's next request, the Court also does not find, at this time, that Defendants

11    have waived privilege protections over the withheld documents listed in their Amended Privilege

12    Log, or that Defendants must produce all documents listed on the Amended Privilege Log.[5]

13         However, the Court will issue an order prohibiting Defendants from relying on any

14    documents or other physical evidence not disclosed on of before July 15, 2025, which is the date

15    that Plaintiff filed its motion for sanctions.  The Court finds that such an order is appropriate to

16    preclude Defendants from benefitting from any delay in producing discovery that was already

17    ordered.  Moreover, such an order is consistent with the Court's previous order that Defendants

      will be unable to use any document at trial if they have not produced them in discovery.

18         The Court next addresses Plaintiff's multiple requests for evidentiary and/or terminating

19    sanctions based on Defendants' collective violations of Court orders.  Ultimately, the Court finds

20    that Plaintiff has not established that such sanctions are warranted based on Defendants'

21    violations of the Court's discovery orders.

22         The Court appreciates that it repeatedly warned Defendants that they may be subject to

23    evidentiary sanctions if they failed to comply with the Court's orders, and that Defendants failed

24    to comply with those orders at least in part, as set forth above.  Although Defendants substantially

25    complied with many of the Court's discovery orders, they failed to respond to some orders

26    altogether, and only belatedly complied with others.  Again and again, Defendants and/or its

27

28    ───────────────
      [5] The Court gave the parties permission to raise these issues in a separate motion to compel, although the
      parties have not filed such a motion at this time.

counsel failed to adhere to their own promises regarding the scope and timing of their discovery production.  This conduct has necessitated multiple informal conferences and discovery motions, resulting in significant time and expense for the other parties and their counsel, as well as the Court.

The Court is also frustrated with Defendants' lackluster opposition to Plaintiff's motion for sanctions.  Faced with the possibility of terminating sanctions, Defendants failed to address many of Plaintiff's allegations.  Defendants' opposition states that the "documents were provided," with almost no explanation.  By and large, Defendants have left it to the Court to sift through the record and independently determine the extent of Defendants' compliance with its discovery order.

For example, although Plaintiff claimed in its motion for sanctions that "Defendants failed to provide a satisfactory declaration regarding ESI by June 18, as ordered in the Compel & Sanctions Order," (ECF No. 76-1), neither Defendants' opposition nor the accompanying declaration even mention the declaration Mr. Gilmore filed on June 18, 2025 that sets forth the parameters of Defendants' ESI search, (ECF No. 66).  Similarly, Plaintiff's motion for sanctions claims that "Defendants failed to serve supplemental discovery responses by July 2, as ordered in the Compel & Sanctions order."  (ECF No. 76-1, p. 3).  Defendants' opposition brief does not address this issue at all, (ECF No. 78), and while Mr. Gilmore's declaration refers to supplemental responses served on July 3, it does not attach any.  The Court was left to sort through Plaintiff's exhibits to find Defendants' Supplemental Responses to Plaintiff's Requests for Production, which are dated the same date as the Court's deadline.  (ECF No. 76-14).  Thus, this appears to be the rare circumstance where Defendants' compliance was substantially better than portrayed in their opposition.

In contrast, while Plaintiff has identified some legitimate violations of the Court's orders, it has at times misstated the record and exaggerated the extent of Defendants' non-compliance.  For example, Plaintiff's motion for sanctions states: "Four months ago, this Court ordered Defendants to search ESI with the specific Search Parameters provided by Pompeian and Sunrise," and quotes the Court's minute Order as stating, "Defendant will promptly search ESI using the search terms and other parameters proposed by Plaintiff . . .."  (ECF No. 76-1, p. 10).

1    However, that quotation omitted the preface of that order, which states "In an effort to informally

2    resolve the discovery disputes, the parties agreed as follows . . . ." (ECF No. 50). Moreover, as

3    stated above, Plaintiff's motion claims that Defendants failed to comply with the Court's orders to

4    provide certain documents by July 2, without making clear that Defendants provided response the

5    following date. Plaintiff's motion for sanctions also relies heavily on alleged deficiencies in

6    Defendants' privilege log, misrepresenting that it violated the Court's order. (ECF No. 76-1, at p.

7    3) ("Defendants failed to provide a satisfactory privilege log by June 18, as ordered in the Compel

8    & Sanctions Order.").

9        In sum, the Court does not find that evidentiary or terminating sanctions are warranted

10    based on Defendants' violation of the Court's discovery orders. The Court has already issued

11    sanctions for some of Defendants' conduct and is issuing additional sanctions in this order.

12    However, Plaintiff has not met its high burden to show that Defendants have violated court orders

13    to such an extent that Plaintiff should prevail of their claims without proving such claims with

14    evidence in the normal course of this case. Nor has it shown that where Defendants have violated

15    Court orders, it was done to hide specific evidence that would have supported Plaintiff's claims in

     this case.

16        Plaintiff next requests an order that "Based on The Mill's deficient second supplemental

17    response to Plaintiff's Interrogatory No. 1, The Mill had numerous discussions, other than those

18    mentioned in the response, concerning The Mill's provision of olive oil to Pompeian, consistent

19    with Pompeian's allegations in the Amended Complaint." Again, the Court ordered Defendants

20    to specifically "identify each and every time it discussed with any individuals or entities other

21    than itself, that it would or might supply, sell, or otherwise provide olive oil to Pompeian," (ECF

22    No. 65, p. 4), and yet Defendants' supplemental response dated July 2, 2025, limits its response to

23    "discussions about testing." (ECF No. 76-13).

24        The Court believes that Plaintiff is entitled to sanctions related to Defendants' non-

25    compliant response, but finds that Plaintiff's order that other discussions were done "consistent

26    with Pompeians' allegations in the amended complaint," is too vague. However, the Court will

27    order as follows: "Based on The Mill's deficient second supplemental response to Plaintiff's

28    Interrogatory No. 1, The Mill had numerous discussions, other than those mentioned in the

response, concerning The Mill's provision of olive oil to Pompeian."

Next, the Court will order that "Based on Mr. Mesrobian's failure to supplement his responses to Plaintiff's Requests for Admission as ordered in the April Minute Order, each such Request for Admission is deemed admitted." Specifically, RFAs 1-6 propounded by Plaintiff Pompeian to Defendant John Mesrobian, Set One shall be deemed admitted.

Finally, the Court finds that Plaintiff and its counsel are entitled to the reasonable expenses, including attorneys' fees, caused by Defendants' failure to comply with the Court's orders as listed above. In the circumstances where the Court has found that Defendants have failed to comply with the Court's orders, those failures were not substantially justified. Nor are there other circumstances that make an award of expenses unjust.[6]

## VI.    CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED as follows:

   a.  Plaintiff's Motion for Sanctions (ECF No. 76) is GRANTED in part and DENIED in part. The Court finds that:

   1.  Defendants failed to comply with a Court order by failing to provide supplemental responses to Requests for Admission 1-6 propounded by Plaintiff Pompeian to Defendant John Mesrobian, Set One.

   2.  Defendants' ESI production did not comply with Defendants' representations made to the Court and the parties about the scope of that search.

   3.  Defendants violated the Court's order to respond to additional document requests by no later than July 2, 2025, by providing those responses on July 3, 2025.

   4.  Defendants failed to comply with the Court's order to supplement their answer to Plaintiff Pompeian's Interrogatory No. 1 and specifically to "identify each and every time it discussed with any individuals or entities other than itself, that it would or might supply, sell, or otherwise provide olive oil to Pompeian."

---

[6] The Court will issue a separate order specifying the amount of that award, following a review of Plaintiff's submission of expenses and taking into account that Plaintiff's motion is only granted in part.

b. As to sanctions for Defendants' failure to comply with these Court orders, the Court further orders as follows:

1. Defendants may not use or otherwise rely on any documents or physical evidence during this case to the extent such evidence was not disclosed on or before July 15, 2025.

2. Based on The Mill's deficient second supplemental response to Plaintiff's Interrogatory No. 1, the Court finds that The Mill had numerous discussions, other than those mentioned in the response, concerning The Mill's provision of olive oil to Pompeian

3. RFAs 1-6 propounded by Plaintiff Pompeian to Defendant John Mesrobian, Set One shall be deemed admitted.

4. Defendants shall be ordered to pay Plaintiff and its counsel reasonable expenses, including attorneys' fees, caused by Defendants' failure to comply with the Court's orders as listed above, with an amount to be set forth in a separate order.

IT IS SO ORDERED.

Dated:   __**October 27, 2025**__          ____/s/ Erica P. Grosjean____

UNITED STATES MAGISTRATE JUDGE