UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MILL AT KINGS RIVER, LLC., <br><br> Defendant. | Case No. 1:24-cv-00766-JLT-EPG <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER LOCAL RULE 231(e) <br><br> (ECF No. 90) |
| THE MILL AT KINGS RIVER, LLC, <br><br> Defendant, <br><br> v. <br><br> SUNRISE OLIVE RANCH, LLC, *et al.*, <br><br> Cross-Defendant. | |

In this civil action, Plaintiff, Pompeian, Inc. ("Plaintiff"), asserts claims for breach of contract, breach of an implied in fact contract, quasi-contract, conversion and fraud against Defendant, The Mill at Kings River, LLC. ("Defendant") (ECF No. 10.) Additionally, Defendant asserts a cross claim against Sunrise Olive Ranch, LLC. ("Cross-Defendant") for breach of fiduciary duty, fraud, and breach of joint venture/partnership agreement.

Before the Court is Pompeian's Motion for Relief Under Local Rule 231(e), asking the Court to issue an order finding that Defendants The Mill at Kings River, LLC and John

1

Mesrobian violated the Court's sanctions order entered on August 27, 2025 requiring Defendants pay Pompeian $6,625, plus interest, in addition to reasonable expenses within 60 days. (ECF No. 90). Additionally, Plaintiff is seeking additional sanctions, "including but not limited to civil contempt, and [to] grant any additional relief the Court deems just and proper…" (*Id.*, p.2).

For the reasons set forth, the Court will deny Plaintiff's motion.

## I. BACKGROUND

On June 13, 2025, the Court granted in part Plaintiff's and Cross-Defendant's Motions to Compel and Request for Sanctions, (ECF No. 65). In that order, the Court also found that sanctions for Plaintiff's and Cross-Defendant's reasonable expenses, including attorneys' fees, incurred in preparing the motion to compel are appropriate under Federal Rule of Civil Procedure 37(a)(5)(A), and indicated that it would issue a separate order regarding that amount of sanctions. (ECF No. 65, at p. 3).

On August 27, 2025, the issued the separate order regarding the amount of sanctions, awarding Plaintiff expenses in the amount of $6,625.00 and Cross-Defendant expenses in the amount of $7,910.00. (ECF No. 81). The Court ordered Defendants to pay these amounts no later than sixty days from the date of the order, i.e., October 27, 2025. (*Id.,* p. 9).

On October 31, 2025, Plaintiff filed a motion for relief under local rule 231(e). Plaintiff stated that Defendants failed to pay $6,625, plus interest, in addition to reasonable expenses, on October 27, 2025. (ECF No. 90, p. 2). Plaintiff sent a delinquency notice to Defendants on October 28, 2025, and another notice on October 29, 2025. (*Id.*). On October 30, 2025, Defendants acknowledged the delinquency and promised payment on that day. Plaintiff alleges payment was not made on October 30, 2025. (*Id.*). Plaintiff requested the Court to impose further sanctions because of Defendants' delinquency. (*Id.,* p. 2).

On November 14, 2025, Defendants filed an opposition, supported by a declaration of Defendants' counsel, David Gilmore. (ECF No. 92). Mr. Gilmore, under the penalty of perjury, stated that based on his understanding, the client would render payment of sanctions to Plaintiff on October 30, 2025. (ECF No. 92-1, p.1). However, payment was not made that day, but on November 14, 2025, when client initiated a wire transfer of funds to Plaintiff. (*Id,* p. 2). Mr. Gilmore claimed that his client was having "cash flow issues" and that his client continues to

have these issues. (*Id.*). These issues stem acquiring olives from growers in a short period of time. These olives do not generate income until processed and sold, a process that takes some months. (*Id.*).

On November 24, 2025, Plaintiff's filed a reply. (ECF No. 93). Plaintiffs agreed that a wire transfer of payment was made on November 14, 2025. (*Id.,* pp.2-3). Following Plaintiff's reply, the Court issued an order directing Defendants to file a response regarding the status of payment to both payment and third-party Defendant. (ECF No. 94). On December 2, 2025, third-party Defendant Sunrise filed a response indicating they have yet to receive Defendants payment of $7, 910, plus interest, in addition to reasonable expenses that was due on October 27, 2025. (ECF No. 95). On December 2, 2025, Defendants filed a status report regarding payment to Plaintiff and third-party Defendant, indicating that payment was paid to Plaintiff on November 18, 2025[1]. (ECF No. 97). However, Defendants claim that payment has yet to be made to third-party Defendant, again citing, "cash-flow issues." Defendants stated that payment would be made to third-party Defendant Sunrise no later than December 3, 2025. (*Id.*).

To ensure Defendants compliance, on December 8, 2025, the Court ordered Defendants to file a further status report no later than December 10, 2025, confirming payment to Sunrise had been made. (ECF No. 99). On December 11, 2025, one day after the Court provided deadline to file the status report, Defendants filed a status report (ECF No. 100) indicating payment of outstanding sanctions fees was made to Sunrise on December 9, 2025. (ECF No. 97).

**II.   LEGAL STANDARDS**

The power of federal judges to impose sanctions for abuses of process is quite broad. *Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322 (9th Cir.), cert. denied sub nom. *Shell Oil Co. v. Gas-a-Tron of Ariz.*, 429 U.S. 861 (1976). The power to sanction derives from several sources: federal statutes (including Federal Rules of Civil Procedure 11(c) (for baseless pleadings made without a reasonable and competent inquiry) and 37(b) (for failure to comply with a court order)), Local Rules of Court, and the District Court's inherent power.  Rule 110 of the Local Rules of the

---

[1] In a separate filing, titled "Letter in Response to Defendants Status Report," Plaintiffs state that while the wire transfer initiated on November 14, 2025, Defendants claim payment was not complete until November 18, 2025, because the wire transfer had to be authorized by Pompeian's counsel. Pompeian disputes this fact, stating no authorization was required by Pompeian or Pompeian's counsel. (ECF No. 98).

3

Eastern District ("Local Rules") provides as follows:
> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

Local Rule 110.

The decision to award sanctions is a matter within the Court's sound discretion. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.), *cert. denied*, 498 U.S. 1096 (1991); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996). "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. Cty. of L.A.*, 879 F.2d 481, 490 (9th Cir.) (Internal quotations omitted), *cert. denied*, 493 U.S. 1035 (1990). A motion for sanctions may be heard at any time, even after dismissal. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991).

## III.   ANALYSIS

The Court acknowledges that Defendants failed to comply with deadline for paying the Court-ordered sanctions. The Court also appreciates that this failure follows a history of missing deadlines imposed by the discovery rules and the Court. While the Court would be justified in imposing additional sanctions upon Defendants' counsel in this action, the Court shall decline to do so at this time. Defendants have now confirmed the full amount of payment. They have represented that delay was due to financial difficulties resulting from business expenses that occur at this time of year. Plaintiff and Cross-Defendants do not appear to have been prejudiced by the delay.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for relief under local relief 231(e) is DENIED. (ECF No. 90).

IT IS SO ORDERED.

Dated: **December 12, 2025**     /s/ Eric P. Grooj
UNITED STATES MAGISTRATE JUDGE

4