UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POMPEIAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MILL AT KINGS RIVER, LLC., <br><br> Defendant. | Case No.   1:24-cv-00766-JLT-EPG <br><br><br> ORDER AWARDING REASONABLE EXPENSES <br><br> (ECF No. 89) <br><br> PAYMENT FROM DEFENDANT TO PLAINTIFF DUE IN 60 DAYS |
| THE MILL AT KINGS RIVER, LLC, <br><br> Defendant, <br><br> v. <br><br> SUNRISE OLIVE RANCH, LLC, *et al.*, <br><br> Cross-Defendant. | |

On October 27, 2025, the Court granted in part Plaintiff's Motion for Sanctions, (ECF No. 89).  In that order, the Court also made the following order: "Defendants shall be ordered to pay Plaintiff and its counsel reasonable expenses, including attorneys' fees, caused by Defendants' failure to comply with the Court's orders as listed above, with an amount to be set forth in a separate order."  (ECF No. 89, at p. 25).

The Court has now reviewed the Plaintiff's submissions regarding the expenses incurred as a result of Defendants' failure to comply with the Court's orders.  For the reasons set forth

1

below, the Plaintiff is awarded sanctions in the amount of $11,050.00

Defendants shall pay sanctions in that amount no later than 60 days from the date of this order.

## I.  BACKGROUND

On October 27, 2025, the Court issued an order granting sanctions against Defendant and Awarding Plaintiff's reasonable expenses, including attorney fees. (ECF No. 89).

In connection with its motion to sanctions, Plaintiff Pompeian submitted the declaration of Ashleigh J. F. Lynn, which set forth the following information in support of Plaintiff's sanctions request:

My hourly rate is $1,215. I have practiced law for nearly 15 years and received my law degree from Boston University School of Law. I spent no fewer than 5 hours in preparing this Motion, Memorandum in Support, and Declaration.

My colleague, Evan Suval, has an hourly rate of $855. He has practiced law for approximately 2.5 years and received his law degree from The George Washington University Law School. He spent no fewer than 20 hours in preparing this Motion and all supporting papers, including factual and legal research and analysis in support of same.

Therefore, the fees incurred, for preparing this Motion and all supporting papers, total at least $23, 175. These fees have been, or will be, charged to Pompeian and were necessarily incurred to protect Pompeian's interests as described in the Motion and Memorandum in Support.

These fees were incurred at reasonable rates given the complexity and number of Defendants' at-issue violations. There are seven parties in this case: Plaintiff, two defendants, and four third-party defendants. The underlying dispute involves claims, cross-claims, third-party claims, counterclaims, and the defenses thereto. Defendants' violations before the Court today are particularly fact-intensive, with a long history of negotiations and unkept promises stemming from discovery requests served by Pompeian and Sunrise in February. Over the past five months, Pompeian and Sunrise have engaged in substantial efforts to remedy Defendants' failures including, among other things, deficiency letters and responses, meeting and conferring between all three law firms, several Court conferences, informal and formal briefing, and a motions hearing. While the aforementioned actions are, of course, not included in the fees incurred in preparing this Motion and supporting papers, they reflect an extensive procedural history—a history that provides critical context to this discovery dispute and which was necessary to bring to this Court's attention.

The total fees incurred align with prevailing market rates in the legal community

charged by attorneys in California, at similar firms, of comparable skill, reputation, and experience.

(ECF No. 76-17 at 1-2) (paragraph numbers omitted).

Additionally, Plaintiff filed a reply to Defendant's opposition to the motion to sanctions,

(ECF No. 80), in which Plaintiff stated:

Following Defendants' Opposition, which inappropriately disputed established facts and legal precedent thereby necessitating a response, I spent no fewer than 3 hours in preparing Pompeian's 10-page Reply Memorandum (at $1,215 per hour), and my colleague, Evan Suval, spent no fewer than 5 hours preparing the Reply Memorandum and supporting papers, including factual and legal research and analysis in support of same (at $855 per hour).

My other colleague, Catherine Ottenritter, spent no fewer than 2 hours preparing the Reply Memorandum and for the hearing, including legal research in support of same (at $1,060 per hour). She has practiced law for approximately seven years and received her law degree from the University of Maryland School of Law.

(ECF No. 80-5 at 3-4) (paragraph numbers omitted).

## II.   LEGAL STANDARDS

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).  Rule 37(a)(5)(A) generally provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing the motion), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

The fee applicant bears a burden to establish that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  An applicant meets this burden by producing "satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *see also Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community ... are

3

satisfactory evidence of the prevailing market rate."). "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Courts rely on their own familiarity with the market in the district where the court sits. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (2011); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.") (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

## III.    ANALYSIS

The Court has reviewed the billing records submitted by Plaintiff in support of their request. Those records support Plaintiff's claim that Ashleigh J. F. Lynn spent no fewer than 5 hours in preparing the motion to sanctions and supporting documents and no fewer than 3 hours preparing the reply and supporting papers. Those records also support Plaintiff's claim that Evan Suval spent no fewer than 20 hours preparing the motion for sanctions, and no fewer than 5 hours preparing the reply memorandum and supporting papers. Finally, the records also support Plaintiff's claim that Catherine Ottenritter spent no fewer than 2 hours preparing the Reply Memorandum and for the hearing, including legal research in support of same. The Court finds that reasonable attorneys fees for these hours were incurred in making the motion.

However, the Court finds that a reduction in hourly rate is warranted. Plaintiff's counsel seeks attorneys' fees of $1,215.00 for partner Ashleigh Lynn, $855.00 for associate Evan Suval, and $1,060 for partner Caterine Ottenritter. (ECF No. 80-5 at 3 -4).

Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, that is the Fresno Division of the Eastern District of California. *Beard v. Cnty. of Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 U.S. Dist. LEXIS 8129, at *38 (E.D. Cal. Jan.

17, 2023) ("The lodestar amount is to be determined based upon the prevailing market rate in the relevant community, which in this matter is the Fresno Division of the Eastern District of California.") (internal citation omitted).

Although Plaintiff's declaration states that these rates are "total fees incurred also align with prevailing market rates in the legal community charged by attorneys, at similar firms, of comparable skill, reputation, and experience," Plaintiff does not include any support for this assertion.  Indeed, other courts in this district have found that hourly rates for attorney fees awarded in the Eastern District of California range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years.  *See, e.g., Cianchetta v. BMW of N. Am.*, No. 2:20-cv-00241-KJM-JDP, 2022 U.S. Dist. LEXIS 106771, at *14 (E.D. Cal. Jun. 13, 2022) (reducing the hourly rate for attorneys in their first year of practice to $200); *Seebach v. BMW of N. Am., LLC*, No. 2:18-cv-00109-KJM AC, 2020 U.S. Dist. LEXIS 152330, at *8 (E.D. Cal. Aug. 21, 2020) (awarding the hourly rates of $200 for an attorney who had been admitted to practice less than two years, and $505 for an attorney "with roughly 20 years of experience" in 2020); *Siafarikas v. Mercedes-Benz USA, LLC*, No. 2:20-cv-01784-JAM-AC, 2022 U.S. Dist. LEXIS 206020, at *8 (E.D. Cal. Nov. 10, 2022) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney who had practiced law for 21 years).

Ms. Lynn indicates she has 15 years of legal experience, Mr. Suval has approximately 2.5 years of legal experience, and that Ms. Catherine Ottenritter has approximately 7 years of legal experience. (ECF Nos. 76-17 at 1-2 and 80-5 at 4). To account for the rates in the local community, the Court will reduce the recoverably hourly rate to $500.00 for Ms. Lynn, $400.00 for Ms. Ottenritter, and $250.00 for Mr. Suval.

Based on this reduction, the Court finds that Plaintiff is entitled to recover $4000 for Ms. Lynn, $6,250.00 for Mr. Suval, and $800.00 for Ms. Ottenritter, for a total of $11,050.00.

\\\

\\\

\\\

\\\

**IV.    CONCLUSION AND ORDER**

For the foregoing reasons, sanctions previously ordered by the Court on October 27, 2025 (ECF No. 89) shall be paid as follows:

No later than 60 days from the date of this order, March 16, 2026, Defendants shall pay Plaintiff $11,050.00.

IT IS SO ORDERED.

Dated:    **January 15, 2026**              /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

6